## MOFFETT v. ARMSTRONG.

1. **Conveyance:** PERSONALTY. The conveyance of land will not pass grain raised thereon which had been set apart as the landlord's portion, in the absence of a contract to that effect.

2. ——: ——: RIGHT OF TENANT. The sale of a farm reserving to the tenant the right to gather his corn, does not give to the purchaser the right to the crop.

3. **Instruction:** PERTINENCY. It is not error to refuse an instruction which, though correct in principle, is not applicable to the evidence.

*Appeal from Jasper District Court.*

WEDNESDAY, JUNE 9.

ACTION to recover the value of certain corn alleged by plaintiff in his petition to be his property, and wrongfully converted by the defendant. There was a verdict and judgment for plaintiff; defendant appeals. The facts of the case necessary to an understanding of the points ruled appear in the opinion.

*Winslow & Wilson*, for appellant.

*Howe & Campbell*, for appellee.

BECK, J.—One Pierce, the owner of a farm, sold it to Armstrong, the defendant, on the 2d day of November, 1872. It had been leased to Hickman for that year, the rent to be paid in a part of the crops. Plaintiff bought of Pierce, subsequently to the sale of the land, the portion of the crop which,

under the lease, was to be delivered to the landlord. Defendant, entering upon the land at the date of his purchase, claimed the landlord's part of the corn thereunder.

I. Upon the trial the court gave the following, among other instructions, to the jury:

"If you find, from the evidence, that one Pierce was the owner of a farm in this county, that he had leased said farm for the cropping season of 1872 to S. J. Hickman, the rent to be paid in a portion of the crop, to be delivered at the time of gathering, that Hickman had been in possession and raised a crop of corn thereon, that the tenancy, by the terms of the contract, had expired, but the tenant was still in possession by the consent of said Pierce, and was to have until the 15th of December to remove his crop, and that about the 2d day of November, after the crop of corn was entirely matured and ready for gathering, and a part had been gathered, and Pierce's portion placed to itself in a pen on the place, and the balance was still standing in the field, all still under the possession and control of the tenant, ready to be delivered to Pierce as it was gathered, Pierce sold the farm to the defendant, Armstrong, and gave him possession subject to the rights of Hickman to get off his crop, and subsequently executed and delivered to the defendant a deed in pursuance of such sale, then the rent corn going to Pierce did not, by virtue of such sale and conveyance of the farm alone, pass to the defendant."

*1. CONVEYANCE: personalty.*

The giving of this instruction is assigned for error by appellant. We are of the opinion that it announces a correct rule of law. If, prior to the sale of the land, a part of the corn had been gathered and the landlord's portion set apart on the farm, this was a delivery to him and must be regarded as other personal property. It would not pass in the absence of a contract to that effect, under a conveyance of the farm, and would remain unaffected thereby just as farming utensils, horses, or other personalty belonging to the vendor found upon the land at the time of the conveyance. As to the corn that was not gathered, if the purchase of the land was "*subject to the rights of the tenant to get off his crop*," which, at

the time, was under his possession and control, the defendant acquired no right of property in the corn through the conveyance from Pierce. Possession and control of the crop and the right to remove it in the tenant, would be inconsistent with the right of property to any part of it in defendant. If, therefore, these rights were reserved to the tenant by the sale, defendant acquired no property in the corn.

The instruction was not inapplicable to the evidence; that is, there was evidence before the jury upon the questions of facts which they were required to determine under this instruction.

We need not question the doctrines, insisted upon by defendant's counsel, to the effect that rent passes with the conveyance of the fee, and that the property in crops upon the land is transferred with the realty. The instruction is not inconsistent with these doctrines, as it simply contemplates a case that is excepted from their operation by a reservation in the contract for the sale of lands, whereby the tenant was permitted to remove the whole crop.

II. An instruction asked by defendant to the effect that his possession of the land was notice to the world of his claim upon the corn, was refused. Without inquiring into the correctness of the rule, we are unable to see its pertinency to the case. Plaintiff insists that he acquired the title to the property by his purchase from Pierce, and bases no right upon want of knowledge of defendant's claim, which he utterly denies. There is no question of notice in the case. The instruction was rightly refused. Another instruction, upon the question of plaintiff being a good faith purchaser without notice, was for the same reason properly withheld from the jury.

3. INSTRUCTION: pertinency.

III. It is urged that the verdict is not supported by the evidence. There was a conflict of evidence, the defendant and one or more witnesses directly contradicting the evidence of plaintiff. To determine the case, it became necessary to weigh the credibility of the witnesses of the respective parties, and doubtless the jury's conclusion thereon was the foundation of the verdict. Their opportunities for the cor-

rect discharge of this duty were better than ours. We are unable to say that it was not intelligently and honestly discharged. We cannot, therefore, disturb the verdict.

AFFIRMED.