CHARLES F. EISELEY, PLAINTIFF IN ERROR v. A. M. SPOONER AND THOMAS W. LYMAN, DEFENDANTS IN ERROR.

1.  Real Estate: CONVEYANCE: RENTS NOT ACCRUED.  Rent reserved by lease of real estate, and not accrued at the time of a conveyance of the reversion, passes with such conveyance to the grantee.  Every conveyance of real estate passes all the interest of the grantor therein, unless a contrary intent can be reasonably inferred from the terms used.

2.  ——— : ——— :. CONSTRUCTION.  In the construction of an instrument conveying real estate, it is the duty of the court to carry into effect the true intent of the parties, so far as such intent can be collected from the whole instrument, and so far as such intent is consistent with the rules of law.  Comp. Stat., 1887, Ch. 73, Sec. 53.

3.  ——— : ——— : CASE STATED.  On the 29th of April, 1885, A executed to B a lease to certain real estate, for a term of one year from March 1, 1885, the rent reserved being a share of

the crop, to be delivered on or before January 1, 1886. Under this lease, B took possession of the premises. On the 30th day of April, 1885, and while the tenant was in possession, A sold the real estate to C, conveying the same by warranty deed "subject to a lease which expires March 1, 1886." *Held*, That C was entitled to the rent reserved; the limitation in the deed only being intended as a recognition of the rights of the lessee, and a limitation upon the covenants of warranty contained in the deed.

ERROR to the district court for Dodge county. Tried below before MARSHALL, J.

*Brome, White & Mapes*, for plaintiff in error, cited: 2 Devlin Deeds, Sec. 979. *Farnum v. Platt*, 8 Pick., 339. *Moffett v. Armstrong*, 40 Iowa, 484. 2 Washburn Real Prop., 602. Martindale Conveyancing, Sec. 109. *Hall v. City of Ionia*, 38 Mich., 493.

*W. H. Munger* and *E. F. Gray*, for defendants in error, cited: 1 Washburn Real Prop. (3d Ed.), 452, 452. *Wilkins v. Vashbinder*, 7 Watts, 378. *Townsend v. Isenberger*, 45 Iowa, 670. *Jackson v. Gardiner*, 8 Johns., 393.

REESE, CH. J.

On the 29th day of April, 1885, C. F. Eiseley leased to George Weigle certain real estate, for a term beginning on the 1st day of March, 1885, and ending on the 1st day of March, 1886. The rent reserved was two-fifths of all wheat, barley, rye, oats, and corn raised on the premises during the season of 1885, to be delivered on or before January 1, 1886. On the 30th day of April, 1885, Eiseley, the landlord, sold, and by warranty deed conveyed, the real estate to defendants, for the consideration of $9,000. The land is conveyed "subject to a lease which expires March 1, 1886." This language immediately follows the description of the property. At the time of the

execution of this deed, the tenant was in possession of the real estate. During the year 1886 the share of the crop due to the landlord was delivered to defendants; and this suit is brought by the vendor, Eiseley, for the value of the rent collected by them. The cause was tried by the district court, which resulted in a judgment in favor of defendants. Plaintiff brings error to this court.

The only question involved in the case is the construction to be placed upon the language of the deed, referring to the lease. Was the rent reserved by the terms of the lease, and which was to accrue after the conveyance, reserved to the grantor, by the language used in the deed, or was the grantee entitled thereto?

It is contended by plaintiff in error that the language used constitutes an exception out of the grant—that, fairly construed, it means that the grantor reserves the use of the premises conveyed, until the 1st of March, 1886; while upon the part of defendants in error it is insisted that the words are not an exception, because nothing is excepted or taken out of the thing conveyed, nor yet a reservation, because nothing new is created and reserved to the grantor out of the thing so conveyed; that it is merely a recital of a prior estate, then vested in a third party, and, to this extent, a qualification of the covenant of warranty contained in the deed.

An exception is said to be a withdrawal from the operation of the grant, of some part of the thing granted; while a reservation is of some new thing issuing out of what is granted. Thus, where real estate is granted, a portion thereof may be excepted from the terms of the conveyance, or the trees or woods growing thereon. If the exception be valid, the title to the thing excepted remains in the grantor, the same as if no grant had been made. A reservation, while not affecting the title to the thing granted, may reserve to the grantor a right to the use

or enjoyment of a portion thereof, as an easement, the right to pass over, or the like. Applying these rules to the deed in question, we are led to conclude that the purpose of the language used was a limitation upon the title conveyed, and upon the covenants of warranty. It conveyed the land subject to whatever rights the tenant might have under his lease, but reserved to plaintiff no additional or greater right than he would have had, had the words referred to been omitted.

By the provisions of our statutes, every conveyance of real estate shall pass all interest of the grantor therein, unless a contrary intent can be reasonably inferred from the terms used. Compiled Statutes of 1887, Ch. 73, Sec. 50. And in the construction of conveyances of real estate, or interest therein, it shall be the duty of the courts to carry into effect the true interest (intent) so far as such intent is consistent with the rules of law. *Id.*, Sec. 53.

We think it cannot be questioned that, as a general rule, the conveyance of a reversion carries with it the rent accruing and becoming due after such conveyance. Upon this, we think the authorities are in harmony, although a different rule would apply where the rent was due and remaining unpaid. See *Moffett v. Armstrong*, 40 Iowa, 484. *Abercrombie v. Redpath*, 1 Clark (Ia.), 111: *Van Driel v. Rosierz*, 26 Ia., 575. *Townsend v. Isenberger*, 45 Id., 670. *Wilkins v. Vashbinder*, 7 Watts (Pa.), 378. *Cobel v. Cobel*, 8 Pa. St., 342. 2d Bouvier's Law Dictionary, Title Rent.

The lease to Weigle being nothing more than a grant of the temporary possession of the land, in consideration of the rent reserved, gave him the right of such possession during the term of the lease or grant; but while it is true that defendants could not have questioned his right to such possession, had the deed contained no limitation, yet plaintiff would have been bound, upon the covenants of his warranty, to account to defendants for the value thereof, had

not the clause been inserted in the deed.    Following, there-fore, the direction of section 53 of the statutes above re-ferred to, in so construing the deed as to carry into effect the true intent of the parties, we must hold such to have been the purpose of the limitation.

We have carefully considered all the authorities referred to by plaintiff, as well as others bearing upon the applica-tion of the principle insisted upon by him, yet we are un-able to adopt the conclusion reached by his counsel, although the case cannot be said to be entirely free from doubt.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.