IN RE ESTATE OF JAMES H. POPE.

FRED C. CAULTON, APPELLEE, V. LYDIA E. POPE, EXECUTRIX, APPELLANT.

FILED MARCH 5, 1909. No. 15,519.

1. **Executors and Administrators:** DEVISE: CROPS. Unless reserved, crops standing upon the ground pass to the devisee and not to the executor. *Andersen v. Borgaard, ante,* p. 8, followed.

2. **Wills:** DEVISE: CROPS. Where land is let and rent reserved in a share of the crops, the title to the land and to the landlord's share of the crops are not severed, but remain in the landlord and pass by his devise of the land.

3. **Executors and Administrators:** BOND: DEVISE: RIGHT OF POSSESSION. Where an executor, who is also residuary legatee, gives the bond provided by section 165 of the decedent act (Comp. St., ch. 23) conditioned to pay debts and legacies, it is the duty of such executor, upon giving such bond, to surrender the possession of property specifically devised to another, and such executor is by the giving of such bond estopped to claim the right of possession of such property until the final settlement of the estate.

4. ———: CLAIMS: STIPULATIONS. Where a devisee of specific property files a claim in the county court against the estate of his testator,

in which is included a claim against the executor for money received from crops growing upon the land so devised, and upon appeal to the district court it is stipulated that no question will be raised as to whether such claim is a personal or official liability on the part of the executor, this court will not disturb a judgment directing the allowance of such claim on the ground that an action should have been brought against the executor, the question as to whether the stipulation is an attempt to confer jurisdiction not being raised.

APPEAL from the district court for Merrick county: JAMES G. REEDER, JUDGE. *Affirmed.*

*John J. Sullivan* and *Louis Lightner,* for appellant.

*Charles G. Ryan* and *Martin & Ayres,* contra.

CALKINS, C.

James H. Pope died leaving a will, by the terms of which he devised to the plaintiff 320 acres of land, upon which there was at the date of his death a growing crop of corn. The remainder of his estate was devised to the defendant, his widow. The allowance of the will having been contested by the plaintiff, the defendant was appointed special administratrix and continued so to act until, the will being established, she was appointed executrix. She then gave a bond under section 165, ch. 23, Comp. St. 1903, conditioned to pay all the debts and legacies of the testator, and qualified as such executrix. While acting as special administratrix, she took possession and removed from the premises devised to the plaintiff the above mentioned crop of corn, which after her qualification as executrix she on the 26th day of June, 1905, sold for $884.02. The plaintiff filed a claim against the estate of the deceased in the county court for various items, including the value of this corn, which was there contested by the executrix. The cause, being removed to the district court by appeal, was referred to the Honorable A. M. Post to hear and determine. Before the referee it was stipulated that, "as to the liability of said Lydia E. Pope in the corn mat-

ter herein presented for determination, no question will be raised as to whether it is a personal or official liability on the part of the defendant in the event of there being any liability found." The referee found: First, that upon the death of Pope the plaintiff became seized of the land devised to him, together with the corn growing thereon, subject to the rights of the personal representatives of said deceased to the possession of said property pending the settlement of said estate; second, that the said Lydia E. Pope acted within her rights as special administratrix in taking possession of said corn, but that her action in selling the same after giving bond as residuary legatee was a conversion of said property, for which she was liable to claimant; and, third, that the district court was in the exercise of its appellate jurisdiction clothed with the plenary powers of the county court in examination and allowance of claims, and should upon reasonable terms and in order to avoid circuity of action direct the allowance of said claim on appeal. The report of the referee was affirmed by the district court, and from so much of the judgment thereon rendered as required defendant to account for the corn in question said defendant appeals.

1. The question whether growing crops on land devised by will pass to the devisee under the will or to an executor has recently been considered by this court in the case of *Andersen v. Borgaard, ante,* p. 8. The conclusion there reached was that, unless reserved, crops standing upon the ground, matured or not, pass to the devisee. This we regard as decisive of the principal question in the instant case.

2. The defendant, however, contends that the land devised was leased, and that the estate therein had passed for the time being to the lessee, leaving in the deceased a right to recover rent, but no present estate in the land. It is a general rule that the conveyance of a reversion carries with it the rent accruing and becoming due after the date of such conveyance (*Eiseley v. Spooner,* 23 Neb.

470), but this question it is not necessary to determine in this case. The document referred to as a lease is so denominated upon its face, but it is really an agreement to farm on shares, the so-called tenant agreeing to deliver to the owner of the land a certain portion of the crop raised thereon. In such case the title to the land and to the share of the deceased in the crops was never severed. *Sims v. Jones,* 54 Neb. 769. It follows that the fact that the land was being farmed by a cropper does not prevent the application of the rule in *Andersen v. Borgaard, supra.*

3. The defendant argues that under section 202, ch. 23, Comp. St. 1903, which provides that the executor or administrator shall have the right to the possession of the real and personal estate of the deceased until the estate shall have been settled, or until delivered over by order of the probate court to the heirs or devisees, the plaintiff did not have the right of possession of this corn until the estate was settled. It may be conceded that under this section the executor or administrator may ordinarily retain possession of the real and personal property of the deceased until it is judicially ascertained whether all or some portion of such property is necessary to discharge the debts of the deceased. In this case, however, the defendant gave a bond undertaking to pay all debts and legacies, and thereby secured exemption from the provisions of the statute under which an executor is required to return an inventory of the estate. While such a bond does not destroy the lien of the creditor nor operate as a final settlement of the estate (*Thompson v. Pope,* 77 Neb. 338), it estops the obligor from saying that it is necessary to retain property of a devisee or legatee for the purpose of securing or paying creditors. Whatever the creditors of the estate might be entitled to do or to have performed for them, it is clear that an executor and residuary legatee, after having availed herself of the benefits secured by the execution of such a bond, cannot justify her retention of property devised to an-

other on the ground that it may be necessary to use it to pay the debts which she has thus undertaken to discharge.

4. It is contended that the county court had no jurisdiction of the subject of this controversy. It is said that its power must be derived from section 214, ch. 23, Comp. St. 1903, which confers authority to examine, adjust and allow claims against the deceased or against the estate of the deceased, but no power to render a personal judgment against an administrator or an executor either in his personal or official capacity. On the part of the plaintiff it is contended that the stipulation made before the referee, already referred to, eliminates this question from the case. At the time this stipulation was made the referee was entering upon the consideration of the plaintiff's claims against the estate of the deceased. The other items of his claim were clearly against the deceased, and it seems to have been in the minds of the stipulating parties that the claim for the corn did not belong to that class, and that it was uncertain whether it was an official liability of the defendant as executrix or whether it was merely a claim against her personally as an individual. The obvious purpose of the stipulation was to waive formalities, and investigate this question upon its merits with the other questions then before the referee, and to avoid the necessity for bringing other and further actions. It was in this view that the learned referee reached his third conclusion of law that the court might, in order to avoid circuity of action, direct the allowance of said claim in this proceeding, and with that conclusion we are constrained to agree. We reach this result more readily because it involves no substantial right, and a reversal of the judgment would only lead to another suit between the parties, the result of which would be determined by the conclusions at which we have already arrived in this opinion.

The appellant having declined to raise the question whether the stipulation was void as an attempt to confer jurisdiction, that point is not decided.

We therefore recommend that the judgment of the district court be affirmed.

DUFFIE, EPPERSON and GOOD, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.