National Bank of Commerce v. Lefferdink.

titur in the above sum within 20 days. In such case it will stand affirmed.

AFFIRMED ON CONDITION.

---

NATIONAL BANK OF COMMERCE, PLAINTIFF, V. HENRY J. LEFFERDINK ET AL., DEFENDANTS: FRED R. FITZPATRICK, RECEIVER, ET AL., APPELLEES: BERT BUNNELL, APPELLANT.

FILED MAY 15, 1923.   No. 22394.

1. **Deeds:** INTEREST CONVEYED: RENTALS. "Rent reserved by lease of real estate, and not accrued at the time of a conveyance of the reversion, passes with such conveyance to the grantee. Every conveyance of real estate passes all the interest of the grantor therein, unless a contrary intent can be reasonably inferred from the terms used." *Eiseley v. Spooner*, 23 Neb. 470.

2. **Vendor and Purchaser:** RENTALS. A grain buyer who knowingly receives from a tenant the landlord's share of crop rent must at his peril pay the proceeds to the person entitled thereto, and where the former owner has transferred the title to the land, and the conveyance has been made a matter of public record, the crop being immature at that time, payment to the former owner will not discharge the purchaser of the grain from liability to account to the real owner for such proceeds.

3. **Estoppel:** GRANTORS. H. J. L., the owner in fee of a tract of real estate in this state, conveyed the same by warranty deed to a foreign corporation. In a proceeding to recover rent which they had received after such conveyance, F. E. L., claiming as assignee of H. J. L., and B., acting for him, assert that the title had never passed from H. J. L., for the reason that the grantee corporation was incompetent to take title to real estate in this state. *Held*, that H. J. L. would be estopped to question the competency of his grantee to take title for that reason, and that F. E. L., and B., being in privity with him, are likewise estopped.

APPEAL from the district court for Lancaster county: WILLIAM M. MORNING, JUDGE. *Affirmed.*

*Doyle, Halligan & Doyle*, for appellant.

*Hainer & Flansbury* and *Hall, Cline & Williams, contra.*

Heard before MORRISSEY, C. J., LETTON, DAY and DEAN, JJ., BUTTON, District Judge.

LETTON, J.

The controversy in this appeal is not between the original parties to the suit, which was for the foreclosure of certain mortgages. It is concerned with the right to the rents accruing in the year 1919 upon the 480 acres of land affected by the decree. During the crop season of 1919 the land was occupied by tenants under leases providing for a share of the crops as rent, Henry J. Lefferdink, the owner of the fee title, being the lessor. This action was begun June 24, 1919. On March 25, 1919, Henry J. Lefferdink conveyed the land in pursuance to a contract made in February, 1919, to the Bankers Land, Cattle & Development Company, an Arizona corporation. This deed was filed for record in April, 1919. In July, 1919, the Arizona corporation conveyed the legal title to the land to the First Trust Company of Lincoln, Nebraska. The trust company executed an agreement to collect the rents from the land and apply the proceeds upon the incumbrances involved in this litigation. This deed was filed for record July 21, 1919. About August 1, 1919, one of the tenants delivered the landlord's share of his wheat crop to one Bert Bunnell, a grain dealer of Denton, who purchased the same, and on September 9, 1919, paid the proceeds to T. J. Doyle, as the agent or attorney of Frank E. Lefferdink, who claimed it under assignment, or power of attorney, for Henry J. Lefferdink.

A decree of foreclosure was rendered on November 18, 1919. The court found that the proceeds of sale of the property would probably be insufficient to pay the liens adjudged to exist, appointed George W. Holmes receiver, and directed him to control the land and rent the premises, also to collect the rents for 1919. Afterwards Frank E. Lefferdink filed a petition in the case, making all parties in interest parties to the proceeding, except Bunnell, and praying the court to determine the right to the rent for 1919. Answers were filed. In the answer of the receiver he alleged that he had the right to

the crops, and asked that Bunnell be made a party. The court ordered this to be done, but he was not served with summons in time to appear when the matter was set for hearing. Frank E. Lefferdink claimed the rent upon two grounds: First, an oral assignment made in November, 1918, when Henry J. Lefferdink, upon borrowing money from a bank of which Frank E. Lefferdink was then cashier, and in February, 1919, upon borrowing from Frank individually, told Frank to apply the rent from this land upon the debts; second, upon a power of attorney executed to him by the Arizona corporation authorizing him to collect the rents. On May 21, 1920, a hearing was had. The court found that Frank E. Lefferdink had no right, title or interest in the rents, and the receiver was directed to collect the rents for the year 1919 and apply the proceeds in accordance with the further orders of the court. It was also found that one of the tenants has paid to Bert Bunnell, of Denton, rents which should have been paid to the receiver. The receiver was directed to collect the remainder of the rents for the year 1919, including the sums paid to Bert Bunnell, and the matter was continued for hearing as to Bunnell. No appeal was taken from this decree. It is therefore final as to all parties then before the court.

Afterwards Bunnell answered, admitting the delivery of the rent wheat to him, alleging that Frank E. Lefferdink claimed to be the owner and demanded the proceeds, having a written assignment of the rents; that he had paid the rents for former years to Frank E. Lefferdink, and that in good faith, without notice, he had paid to him the $513 realized from the wheat delivered to him by Dalton from the 1919 crop, and that this payment was made on September 9, 1919, before Holmes had been appointed receiver.

The reply of the receiver alleges that at the time Bunnell paid the money to Lefferdink he knew there was a controversy over the ownership of the wheat, and de-

manded and received an indemnity bond before he paid it; denies that it was paid in good faith and without notice; alleges that the decree of May 21, 1920, is *res judicata* as to the right of Frank E. Lefferdink to the rents for 1919, and that Bunnell knew that the lienholders were claiming ownership of the rent. At the trial the evidence taken at the former hearing was received in evidence. Bunnell made the same defense that Frank E. Lefferdink had made at the former hearing. It was not shown that this crop was in existence at the time of the alleged oral assignment, and it was shown that the written power of attorney under which Frank claimed had never been authorized by, or executed by, the Arizona corporation, and was a mere nullity. The claim is now made that the deed from Henry J. Lefferdink to the Arizona corporation is void because a foreign corporation is incompetent to take title to real estate in Nebraska. Henry J. Lefferdink, the grantor to the corporation, is estopped to take this position. *Eiseley v. Spooner,* 23 Neb. 470. Both Frank E. Lefferdink and Bunnell, who stand in his shoes in this respect, are likewise estopped.

As to the defense based on lack of notice, the statute provides: "Every conveyance of real estate shall pass all the interest of the grantor therein, unless a contrary intent can be reasonably inferred from the terms used." Comp. St. 1922, sec. 5591.

In *Eiseley v. Spooner,* 23 Neb. 470, the first paragraph of the syllabus is as follows: "Rent reserved by lease of real estate, and not accrued at the time of a conveyance of the reversion, passes with such conveyance to the grantee. Every conveyance of real estate passes all the interest of the grantor therein, unless a contrary intent can be reasonably inferred from the terms used." See, also, *Allen v. Hall,* 66 Neb. 84; *In re Estate of Andersen,* 83 Neb. 8; *In re Estate of Pope,* 83 Neb. 723; *Cooper v. Kennedy,* 86 Neb. 119. This is the general rule. 1 Tiffany, Landlord and Tenant, sec. 180.

When Henry J. Lefferdink parted with the title in March, 1919, he conveyed all his interest in the growing crop, and no one could derive any right or title to it from him thereafter. The conveyance to the Arizona corporation and by it to the First Trust Company were upon record at the time Bunnell paid the money to Mr. Doyle for Frank E. Lefferdink. This was all the notice required by law in this state. In England a statute requires a purchaser to notify a tenant of a change of title in order to hold the tenant liable if he pay the rent to the former landlord, but there is no such statute in this state. Furthermore, that Bunnell had doubts as to the right of Frank E. Lefferdink to receive the rent is apparent from the fact that he would not pay the money to Frank E. Lefferdink's attorneys until he received a guaranty from him against loss by so doing. He explains this by saying that he had heard that there was a controversy between the brothers, and that he insisted on having the guaranty to protect himself in the event that Henry, and not Frank, was entitled to the money. The guaranty is not in the record. So far as we can tell from his statement of its terms, it may be broad enough to protect him. The money in his hands belonged to the holder of the title to the land, and he was bound at his peril to know that Frank E. Lefferdink was entitled to the money before he paid it to him. *Taylor, Cole & McLeod v. Pope,* 5 Cold. (Tenn.) 413; cases collected, 20 A. L. R. 132.

The judgment of the district court is

AFFIRMED.