P. C. MINOR v. J. N. FIKE.

No. 14,992. (93 Pac. 264.)

COMPROMISE AND SETTLEMENT — *Consideration* — *Estoppel.* It was said that a compromise and settlement of a *bona fide* dispute, although the amount agreed to be paid may be much less than is actually due, is supported by a consideration, and if fairly made bars a recovery on the claim included in the settlement.

Error from Thomas district court; CHARLES W. SMITH, judge. Opinion filed July 5, 1907. Affirmed.

*H. J. Harwi,* and *Garver & Garver,* for plaintiff in error.

*Asa M. Smith,* and *Charles Hayden,* for defendant in error.

*Per Curiam:* This is an action by Minor to recover from Fike part of the price of a tract of land, the sale of which had been negotiated by Fike. Minor had previously purchased the land through Fike, and before the transfer was consummated it was again sold through Fike to another. It was alleged that Fike agreed to sell it on commission, that later he reported the sale at $4600 when in fact he had received $5900, and therefore Minor asked for the balance, $1300. Fike denied that he was to sell the land on commission but claimed that it was to be a sale at a net price satisfactory to Minor. Minor agreed to, and did, sell the land at $4600, and before the transaction was closed

he learned that Fike had received more than that sum for the land. In a dispute which arose between them Minor insisted that as Fike had gotten more than $4600 for the tract he should not only forgive the commission, the compensation for selling the land, but should pay Minor part of the excess which had been received. After considerable bantering a compromise was made by which Fike agreed to pay, and Minor to accept, $30 as a final settlement of the transaction. Fike issued his check for that amount and gave it to Minor, and on the back of the check there was written a receipt, or statement, that the check was given as payment and settlement in full on the land transaction.

Upon testimony, some of which was conflicting, the trial court found that Minor, knowing and insisting that Fike had received much more than $4600 for the land, settled with him, and that this settlement was binding upon both parties.

Granting that there was misrepresentation as to the price received for the land when the sale was reported, it must be held under the testimony and findings of the court that there was no fraud in the compromise and settlement subsequently made. There was knowledge that Fike had received considerable more than was paid to Minor, a dispute as to what portion of the excess should be paid to Minor, and a settlement without fraud as to the amount. A compromise and settlement of a *bona fide* dispute, although the amount agreed to be paid may be much less than is actually due, is supported by a consideration, and if fairly made bars a recovery on the claim included in the settlement.

The settlement in this case, resting as it does on sufficient testimony, makes the findings of the trial court conclusive on this review. The judgment is affirmed.

JOHNSTON, C. J., GREENE, BURCH, MASON, PORTER, GRAVES, JJ., concurring.

SMITH, J. (dissenting) : The *per curiam* decision announces, in effect, that all the justices of this court

are of one mind regarding the same and that the case is so clear as to render discussion thereof unnecessary. (6 Words & Ph. Jud. Def. 5285, and authorities there cited.) However, I feel compelled to dissent from the decision.

The uncontroverted evidence, to which there is no adverse finding, shows that the agent procured the conveyance of the land from his principal to the real purchaser through a sham purchaser, who paid no consideration therefor; that he falsely reported to his principal the amount received for the land and concealed the true amount up to and including the time of settlement; he even demanded a commission on the false amount ($4600) reported, which negatives his claim of a contract that he was to have all he could secure in excess of $4600. The concealment of the amount received at the time of settlement was of itself a fraud and vitiates the settlement.

I have misread the law of agency if an agent, knowing all the facts involved in a matter, and knowing his principal's ignorance thereof, can speculate upon his principal's ignorance and upon his own dereliction of his duty to inform his principal and thus obtain great advantage to himself through a compromise settlement.

The whole effect of the evidence is that the principal did not know, but only suspected or believed, that the agent had received more than $4600 for the land, although the evidence shows that in the conversation leading up to the settlement he told the agent he knew he (the agent) had received more. The whole transaction is tainted with circumvention, misrepresentation and concealment in a fiduciary relation, in which the law imposes upon the agent the duty of reporting to his principal the full facts, the strictest integrity, and open-handed dealing.

The finding of the court that the principal settled with knowledge that his agent received considerably

more than the amount reported is unsupported by any evidence that the principal knew of any specific sum received in excess of the $4600 reported. The testimony of the agent as to the conversation between him and his principal at the time of the settlement shows of itself that they were haggling over a small difference. There is nothing in the evidence to indicate that the principal even suspected the sum was $1300 or a sum in any way approximating that much. Thus the agent's fraud procured the settlement, and he should not be rewarded therefor.