[Sac. No. 2749. Department Two.—May 21, 1918.]

In the Matter of the Estate of WILLIAM LAND, Deceased. FRANCIS E. LAND, Appellant, v. NETTIE E. EVANS et al., Respondents.

ESTATES OF DECEASED PERSONS—CONTEST OF WILL—COMPROMISE OF CONTEST—CONDITIONAL ASSIGNMENT OF LEGACY—FAILURE OF CONSIDERATION.—Where a city, which was a legatee under a will, executed, for the purpose of avoiding the expense of litigation and the delay which would have been caused by a contest of the will, and the consequent depreciation in the value of its legacy, an assignment of a portion of its legacy to a relative of the testator who was threatening a contest, in consideration of his waiving and abandoning the right to contest the will, the assignment being also expressly conditioned that no person other than the assignee should file or attempt to file any contest of the will or object in any manner to the distribution to the city of the sums bequeathed to it, a contest, although unsuccessful and although it was inaugurated by one not a party to the contract, and though neither party to the contract was responsible for the making of such contest, was within the condition of the assignment, and the city, as legatee, having by reason of the contest been deprived of some of the substantial benefits contemplated by the compromise, the assignee, under the plain terms of his own agreement, could not receive his anticipated benefit.

APPEAL from a final decree of distribution of the Superior Court of Sacramento County. Charles O. Busick, Judge.

The facts are stated in the opinion of the court.

Elliott Johnson, for Appellant.

Clyde H. Brand, and Archibald Yell, City Attorney of Sacramento, for Respondents.

WILBUR, J.—This is an appeal from a decree of final distribution. Francis E. Land claims as assignee of a fifteen thousand dollar interest in the bequest to the city of Sacramento, which bequest amounted to the sum of two hundred and fifty thousand dollars, but which upon distribution was decreased to $231,165.66, said sum being distributed to the city of Sacramento in trust for the purchase of a public park in

the city of Sacramento; to be known and called "The William Land Park."

Appellant's claim to the distribution of the said amount of fifteen thousand dollars is made under the provisions of section 1678 of the Code of Civil Procedure, authorizing and requiring distribution to the assignee of a legatee upon petition of such assignee. If we assume in favor of the appellant that all the papers and documents set up in his petition for distribution were placed in evidence before the court at the time of distribution, and that the order of court denying a distribution of the amount of fifteen thousand dollars to the appellant is, as appellant contends, based upon a construction of such documents and the legal effect to be given thereto, we may consider whether or not the court was justified in holding that the appellant was not entitled to distribution under the contract in question. All the facts need not be stated. Suffice it to say that the appellant, a relative of the deceased, threatened to begin a contest of the will of the deceased, thus jeopardizing two large legacies in favor of the city of Sacramento—one a legacy for two hundred thousand dollars, the other a legacy for two hundred and fifty thousand dollars. Under these circumstances an agreement of compromise was entered into between the city of Sacramento and the appellant, wherein it was agreed, in consideration of his waiving his right to contest the said will, he should be paid from the legacy to the city of Sacramento at the time of distribution the sum of fifteen thousand dollars, and that said sum should be distributed by the court in its decree of distribution to the appellant.

Without considering the question as to whether or not the provisions of section 1678 of the Code of Civil Procedure apply to the assignee of a portion only of a legacy, we pass to the question of whether or not, under the contracts, agreements, and order of compromise, the appellant was entitled to have distributed to him the sum of fifteen thousand dollars. The resolution of the city commission authorizing such settlement contained the following: " . . . the court having jurisdiction of said estate at the time distribution thereof is ordered to deduct said sum of fifteen thousand dollars from the distributive share of the said city of Sacramento arising under said twenty-eighth paragraph, and direct the same to be paid to the said Francis E. Land; provided and upon condition,

however, that the said Francis E. Land, in writing, irrevocably waive, relinquish and abandon all right whatever to contest the validity of said last will and testament, or of any part or item thereof, and all right to seek to have the order admitting the same to probate in any wise changed, modified, canceled or annulled, and upon the further condition that no person other than the said Francis E. Land shall, at any time pending the final distribution of said estate, file or attempt to file any contest of any kind of said will, or of any item or part thereof, or seek in any way to have the order admitting the same to probate changed, modified, canceled or annulled, or object in any manner to the distribution to said city of the sums to it bequeathed by the said will; . . . ''

Thereafter one Alexander Morrison filed a contest of the will of William Land, deceased. This contest was dismissed by the probate court and the order of dismissal was affirmed by this court. (*Estate of Land,* 166 Cal. 538, [137 Pac. 246].) It is stipulated by the parties "that the only contest, or attempt to contest, said will of William Land, deceased, was made by Alexander Morrison, and that this contest is reported in 166 California Reports, at page 538.'' This contest was tried by the court without a jury and was decided against the contestant on the ground that he had no interest in contesting the last will, for the reason that he received the same legacy as under a prior will, and therefore is not a person interested in the question as to which of these two wills was -probated. Appellant, therefore, claims that he cannot be held to have contracted with reference to the possibility of persons who had no interest in the matter filing a contest which would thus cause him to lose the very substantial amount agreed to be paid to him. In considering that question, however, we are bound to consider the purpose of the parties to the agreement as stated in their contract. The resolution in question recites that, notwithstanding the fact that the amount bequeathed for park purposes is two hundred and fifty thousand dollars, ''said will further providing that in the event the said bequest for park purposes, together with other bequests for charitable purposes made by said testator in said will, should exceed one-third of his estate, said bequest for park purposes should be cut down so that it, together with the remaining charitable bequests, should just equal one-third of his said estate; and further provided that in the event said bequest

for park purposes, together with said other charitable bequests, should be less than one-third of his said estate, then the bequest for park purposes, is to be increased so that it, with said other charitable bequests, shall just equal one-third of the estate of said testator; and, whereas, it has become manifest since the death of said testator that said bequests for park purposes, together with said other charitable bequests, is less than one-third of the value of the estate of said decedent, and that said bequest for park purposes will be materially increased, to wit, in the probable sum of twenty thousand dollars and upwards, by reason of such fact; . . . Whereas, in the judgment and opinion of the city commission such contest, if instituted, would, regardless of all questions of merit, be expensive and prolonged and disastrous to said estate and to all persons beneficially interested therein, and would result in a direct loss to the city of Sacramento in a sum greater than that hereinafter named as the amount to be abated by the city in order to effect such settlement, compromise, and adjustment of such threatened and impending contest, and for the purpose of avoiding the same; and, whereas, for several years last past values of lands situate in the vicinity of the city of Sacramento suitable for park purposes have been and are now rapidly increasing, it is the judgment and opinion of the city commission that the indirect loss arising and occasioned to the city by reason of the delay in the distribution of said estate consequent upon such threatened litigation will equal or exceed the direct loss occasioned by the costs and expenses of such litigation; . . . Be it further resolved, that the president of the city commission and the city attorney be, and they are hereby directed to appear in behalf of the city of Sacramento upon the return day fixed in said citation, then and there to file in said court, in behalf of the city, its written consent to the making of said compromise, and the written relinquishment of said city of the said sum of fifteen thousand dollars,'' etc.

This resolution was passed during the pendency of a petition filed by the executors for leave to compromise with the appellant. In the petition for such leave to compromise it was alleged by the petitioners, the executors, respondents herein: ''That your petitioners allege to this court that in their judgment there is no foundation whatever for a successful contest of the probate of the last will and testament of said

deceased by the said F. E. Land, either upon the ground of the alleged undue influence, or upon the ground of the alleged insanity or upon any other ground, and that said contemplated contest is wholly without merit, and that if said contest is filed, in the judgment of your petitioners, the same can be wholly defeated and the said probate of the last will and testament of said deceased be upheld and confirmed, but that such contest would, in all probability, delay the settlement of the said estate for at least one year, and possibly a second or third year, and would cost the estate a considerable amount of money, to wit, from twenty to thirty thousand dollars, or thereabouts, for the actual cost of the contest, and that distribution of said estate would be delayed for a long time, thereby entailing a loss to the distributees of the use of their said bequests for the length of time that said contest would extend the administration of said estate; that under the last will and testament of said deceased, the city of Sacramento is given a bequest of two hundred thousand ($200,000) dollars in trust, nevertheless, to be invested to the best advantage by said city, and the interest accruing thereon to be paid out from time to time to the destitute men, women, and children of Sacramento City, said trust fund to be known as 'The Ann Land Memorial Fund,' and that the city would lose the interest on said two hundred thousand ($200,000) dollars during the pendency of said contest." With reference to the payment of the two hundred and fifty thousand dollar legacy for the purchase of a park, the executors call attention to the provision of the will by which such bequest may be either augmented or decreased, and state as follows: "That in all probability if no contest is filed within the next few months the said two hundred and fifty thousand ($250,000) dollars will be increased by the amount of fifteen or twenty thousand dollars, as your petitioners believe. That by the filing of said contest, and the delay in the settlement of said estate, the said city of Sacramento will, in all probability be a large loser by delaying the payment of said bequest for said purpose, from one to three years, by reason of the fact that land in the vicinity of Sacramento City which is suitable for such park purpose is rapidly advancing in value, and in two years from now, in all probability land suitable for such park will cost in the neighborhood of fifty thousand dollars ($50,000) more than the same can be purchased for at the present time." In

the order granting leave to compromise it is recited, "that if said contest is instituted and prosecuted to final judgment, it will interrupt and delay the settlement of said estate for one and possibly a second or third year, and will entail great additional expense upon the estate as well as upon the said legatees cited to appear herein, and that the said city of Sacramento will suffer the greatest loss by contest of said last will and testament and will be at a considerable expense to defend its share under said last will and testament and will be injured far in excess of the amount it has agreed to give toward said compromise in the loss of interest upon said bequests together with the appreciation of the value of lands situate in the vicinity of said city of Sacramento and suitable for park purposes as is directed in said will and that it will be to the advantage of all persons beneficially interested in said last will and testament that said threatened litigation be averted." Authority was, therefore, given to compromise the same. This order was made January 18, 1913. The decree of distribution herein appealed from was dated June 14, 1917. It will be observed that the delay in securing the distribution was more than anticipated in the contract in the event of a contest. It is evident that one of the primary reasons for settling the proposed contest was the damage which would result to the city of Sacramento from delay, this damage, as stated, consisting in loss of interest, in possible depreciation of the assets of the estate, thus decreasing the two hundred and fifty thousand dollar legacy, and in the appreciation of the values of park lands which were to be purchased by the city with the fund so bequeathed to it. That the prediction of the city and of the executors with reference to the depreciation of the assets of the estate was well founded seems to be shown by the fact that the amount distributed to the city under the twenty-eighth clause of the will, instead of being two hundred and seventy thousand dollars as anticipated, was $231,165.66. Suffice it to say that it is apparent from the whole proceeding that one of the important considerations moving the city was the avoidance of the expense of litigation and the delay involved in a will contest. By reason of the contest filed by Alexander Morrison they have suffered both a delay and the expense of litigation. It was because of this possibility, no doubt, that the payment of the fifteen thousand dollars was made contingent upon "the condition that no person other

than Francis E. Land shall at any time pending the final distribution of such estate file or attempt to file any contest of any kind of said will, or of any item thereof, or seek in any way to have the order setting the same for probate changed, modified, canceled, or annulled.''

Under the plain language of the contract between the parties there should be no payment to the appellant, and we see no reason why the contract should not be so construed, and many reasons why it should be so construed. Plaintiff surrendered a right to inaugurate a contest against the will of the decedent. In consideration therefor he received a conditional promise to pay him the sum of fifteen thousand dollars. By reason of the act of third parties, for which neither party to this contract was responsible, respondents were deprived of some of the substantial benefits contemplated by such compromise, and the appellant, under the plain terms of his own agreement, cannot receive his anticipated benefit.

The judgment is affirmed.

Melvin, J., and Lorigan, J., concurred.

Hearing in Bank denied.