No. 29,082.

THE UNITED STATES CASUALTY COMPANY, *Appellant*, v. W. H. STANLEY, *Appellee.*

(284 Pac. 371.)

Opinion filed February 8, 1930.

*P. D. Gardiner,* of Wichita, for the appellant.

*J. Graham Campbell* and *D. W. Eaton,* both of Wichita, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This action was brought by the United States Casualty Company against W. H. Stanley to recover what is called an overpayment of insurance made under a policy insuring Stanley

against loss of a diamond and some other personal property by burglary, theft or holdup. It was alleged that the overpayment of insurance was made by mutual mistake. At the conclusion of plaintiff's evidence a demurrer thereto was sustained and judgment given for defendant. Plaintiff appeals.

From the record it appears that the policy issued was dated January 18, 1925, insuring the defendant for a year against the loss of certain articles named, and on December 7, 1925, the plaintiff was held up at the point of a gun as he entered his garage, and a diamond was stolen from him and a few other articles of personal property, about which there is no longer any question. The only controversy between the parties on this appeal is the loss of the diamond and an alleged excess insurance paid for its loss. To make proof of loss Stanley went to the jeweler from whom the stone had been purchased and was informed by him that the diamond stolen was of the weight of 2.72 carats; that the purchaser who presented the stone to the defendant was Marcellus M. Murdock, and he also stated as to the quality of the stone that it was absolutely perfect in color and was a Wesselton, the present market value of which was $1,900. The market price of the platinum setting was placed at $175, and he further stated that the depreciation from wear could not exceed $5. Based on this information the defendant made proof of loss. After considerable correspondence, looking to a settlement of the claim for insurance, the plaintiff offered to make payment of $1,725, the stone alone being valued at $1,499. This compromise offer was accepted by the defendant and he signed a release on May 17, 1926, transferring to the company full rights of ownership and title to the diamond, and stating he would at any time execute all papers necessary to secure to the company rights of ownership. He further agreed that if any of the articles of property were returned or recovered he would cause them to be conveyed by express to the home office of the plaintiff, reserving the right to retain possession of any article returned upon immediate refunding to the company the sum received for the loss thereon. Afterwards, and on December ——, 1926, two alleged thieves were arrested and placed in custody at Hutchinson, Kan., in whose possession a diamond was found, which was taken up and held by officers of that city. The plaintiff claimed the stone was the one for which insurance had been paid, and there being a question as to its identity plaintiff instituted a replevin action, claiming that the diamond be-

longed to it, and was of the value of $1,900, and at that time gave a bond and obtained possession of the diamond. A number of the officers were made defendants and Stanley was also named as a defendant, it being alleged that some interest in the diamond was claimed by them. That action was prosecuted to judgment, in which it was determined that the plaintiff was the owner and entitled to the possession of the diamond which it had obtained when the replevin action was begun. The title of the plaintiff was quieted against all of the defendants, including Stanley. He was duly served with summons, but made default in that action. After recovering the judgment in the replevin action, and on May 24, 1927, the attorney of the plaintiff tendered the stone so obtained to the defendant Stanley, on condition that he repay to the company the amount of the insurance, which it had paid to him. This tender was not accepted. In this action the defendant in his answer told the story of the theft, the proof of loss, that plaintiff had haggled with the defendant for months trying to obtain a compromise and a reduction of the amount of insurance to be paid. A settlement was finally made fixing the loss of the stone at $1,499, and he alleged that he had no knowledge of the value of the diamond except as it had been obtained from the jewelry company, from whom the diamond had been purchased, and that during the period from December 8, 1925, when plaintiff was notified of the robbery, until May 17, 1926, when the compromise was effected, the plaintiff had every means of knowledge as to the value of the diamond as he had, that it had made its own investigation and that a compromise settlement was made as a result of that investigation and of its own knowledge of values. There was a denial that plaintiff ever tendered defendant in satisfaction of the loss a diamond of the same quality, pattern or value as that of which he had been robbed, and he further stated that the value of the diamond of which he had been robbed was greatly in excess of the amount paid to him in the compromise settlement.

Testimony was offered to prove that the diamond obtained in the replevin action was the same one that was stolen from defendant. Upon the evidence offered by the plaintiff, the court held that the settlement made between the parties was conclusive of their rights; that granting a mutual mistake was made as to whether it was a Wesselton stone or as to its value, the plaintiff had a right to rescind upon discovery of the mistake or it had a right to keep the diamond,

which it claimed to own. It kept the diamond from December 8, 1925, until May 17, 1926, and during that period had possession of it, had taken it to jewelers for examination and all the time was asserting right of ownership in the diamond; that it brought an action in replevin on that basis, in which Stanley was a party, and pursued that course to ultimate judgment. It was entitled to rescind in case of mistake or to keep the diamond. Instead of rescinding, plaintiff took judgment for the possession of the diamond as the owner of it and was now suing for damages or what it deemed to be an overpayment of insurance.

We conclude that the plaintiff was not entitled to recover. In good faith a compromise agreement had been made between the parties upon a disputed claim as to the value of property lost. After much contention and extended negotiations involving the value of the diamond the parties, being on equal terms, made a full settlement of the controversy. The amount agreed upon was paid and a release prepared by the plaintiff was signed by the defendant. By that release all the rights of the defendant in the diamond were transferred to plaintiff, the defendant agreeing that in the event of a recovery of the property lost, he would send it by express to the home office of the plaintiff in New York, only reserving the right or option to retain the property by refunding the full amount received for the loss. A compromise agreement made under these circumstances is binding on the parties. It has been said:

"A compromise and settlement of a *bona fide* dispute, although the amount agreed to be paid may be much less than is actually due, is supported by a consideration, and if fairly made bars a recovery on the claim included in the settlement." (*Minor v. Fike*, 77 Kan. 806, 93 Pac. 264.)

In the case of *Lewis v. Kimball*, 103 Kan. 173, 173 Pac. 279, it was remarked that:

"The law favors the compromise and settlement of disputes, and when parties in good faith enter into an agreement based on good consideration neither is permitted afterward to deny it." (p. 175.)

See, also, *Logsdon v. Hudson*, 83 Kan. 500, 112 Pac. 118; *Odrowski v. Swift & Co.*, 99 Kan. 163, 162 Pac. 268; *Dolnak v. Sons and Daughters of Justice*, 105 Kan. 59, 181 Pac. 545; *Barton v. Oil Co.*, 112 Kan. 436, 211 Pac. 608.

It appears that the plaintiff has never repudiated the compromise agreement by asking for its rescission. Instead its action tended to affirm the agreement. After a diamond had been found in the pos-

session of alleged thieves, which it claimed was the insured one which it had obtained under the compromise agreement, it confirmed it by bringing an action of replevin in which the defendant had been made a party, and secured a judgment that it was the diamond of which Stanley had been robbed and the ownership of which it had obtained by the compromise agreement. It was also adjudged that the defendant, Stanley, was barred from ever claiming any right, title or interest in it. In the petition in the replevin action plaintiff alleged the insurance of the diamond, the robbery of it from defendant, the payment to defendant for its loss, by which it had acquired ownership of the stone, and further that the stone was of the reasonable value of $1,900. On the evidence introduced, the court found that plaintiff's allegations were true, one of which was that the diamond was of the value of $1,900. The judgment in that action, in which defendant was made a party, determined every fact pleaded and effectually bars the defendant from ever claiming any interest in the stone or ever repudiating the compromise agreement, and it would appear that it is equally effective in barring the plaintiff from repudiating the settlement. Plaintiff insists that it did not learn the facts as to the real value of the stone until the replevin action had been brought in December, 1926. As stated, it gained possession of the stone at that time and had full opportunity to examine its quality and learn its value. It sent the stone to New York city and had it examined by experts as to value. After all these examinations and opportunity to determine value, the plaintiff did not attempt to repudiate the agreement or ask for a rescission of it. After holding the stone from December, 1926, to the following April, and after asking and obtaining a judgment against Stanley, that it was the owner of the stone of the value of $1,900, plaintiff proposed to defendant to take back the stone and reimburse plaintiff to the amount paid under the compromise agreement. The present action, brought on August 23, 1927, is not one for rescission of the agreement, and without any attempt to cancel or set it aside plaintiff asks to recover the difference between what it now insists was the actual value of the stone and the amount paid under the agreement.

While there was a question as to whether the stone recovered was the Stanley stone, there was evidence tending to show that it was the one lost, and the trial court decided the case upon that theory. Assuming, however, that there is no longer any doubt as to the

identity of the stone and that it is of less value than was claimed by defendant, and less even than the value agreed upon in the settlement, the plaintiff cannot ignore that settlement, ignore the adjudication between the same parties in the replevin action where ownership and value were involved and then, without rescinding or attempting to set aside the compromise agreement, recover what it calls an overpayment under the agreement because it has found witnesses who say that it paid more than the stone was worth. It is easy to understand that there might be a difference of judgment as to the value of a diamond. It was these differences that led to the compromise agreement. Defendant was claiming its value was $1,900 and plaintiff was insisting it was not worth nearly that amount, and in the end they finally compromised on a value of $1,499. Plaintiff is insisting that it has now learned that the stone was not worth the amount agreed upon. If the defendant, upon some information, should conclude that it was worth $2,500, would plaintiff, in the absence of any fraud or bad faith on the part of the defendant, yield to a claim that it was liable for the excess over the amount agreed upon and paid? In rendering its decision the court made mention of the doctrine of election of remedies, but whatever may be the application of that principle the question here is, Was there error in sustaining defendant's demurrer to plaintiff's evidence? We conclude, upon the evidence presented, that the plaintiff failed to establish a right of recovery under its petition and that the demurrer was rightly sustained.

The judgment is affirmed.