No. 41,645

A. G. SCHNEIDER, JR., and DONALD G. SCHNEIDER, *Appellees*, v. C. E. WALTS and EDNA A. WALTS, *Appellants*.

(848 P. 2d 593)

January 23, 1960. ▮▮▮▮▮▮ Opinion filed

*Marion W. Chipman*, of Hill City, argued the cause, and *W. H. Clark*, and *Kenneth Clark*, both of Hill City, were with him on the briefs for the appellants.

*J. C. Tillotson*, of Norton, argued the cause, and *George C. Wingerson*, of Hill City, was with him on the briefs for the appellees.

The opinion of the court was delivered by

JACKSON, J.: The defendants have appealed from an order of the trial court overruling their demurrer to the plaintiffs' amended petition.

A short summary of the petition will be necessary. All of the facts well-pleaded in the petition of the plaintiffs are admitted by the demurrer, of course. The petition recounts that in July, 1956, plaintiffs engaged the defendants to spray plaintiffs' ranch in Rooks County by airplane for the purpose of killing grasshoppers; that because of the neglect and fault of the defendants several acres of growing alfalfa were destroyed, also a vegetable garden, clover, trees and shrubs, including a shelter belt of rows of mature box elder trees. The petition further alleges that on September 4, 1956, the defendants orally agreed that the spraying had caused the loss of the plaintiffs' crops, garden, trees and shrubs; that defendants would pay, and did later pay in three installments, $1,000 to cover damage to the alfalfa, allowed plaintiffs to apply the sum of $235 due defendants for their work in spraying to plaintiffs' benefit in lieu of the damage to the garden, clover and shrubs; and it is further alleged that defendants agreed as a part of this agreement that the parties would wait until late spring of 1957 to determine the extent of the damage caused to plaintiffs' trees, and then at

that time defendants would pay for the determined damage. Plaintiffs further allege that the contract was carried out except that defendants have failed to help determine the damage to plaintiffs' trees and failed to pay such damage; that plaintiffs therefore sue to recover the reasonable value of such damage to the trees under the above described contract.

Defendants would like to split off the part of the contract relating to the settlement for damage to trees in the spring from the balance of the contract of compromise and settlement. They urge that the parties are alleged only to have agreed to make a contract in the spring; that the alleged contract sued upon lacks consideration and mutuality. Certain authorities upon the questions of consideration and mutuality are cited, but in our opinion, have little bearing upon the present case, and we feel defendants' position is untenable.

The allegations of the plaintiffs' petition are entitled to favorable construction, if that be necessary, and allege that defendants admitted liability for the damage to plaintiffs' ranch; that they agreed and paid for all of the damage except that as to the trees; that the parties agreed the actual damage to the trees would be more determinable in the spring, and that defendants agreed to pay that damage when it was determined.

In our opinion, the contract here alleged was entirely mutual and certainly supported by consideration. Defendants admitted liability and agreed to pay for the damage. Plaintiffs accepted the agreed amounts for the alfalfa, garden shrubs and clover, and as to the trees accepted defendants' liability on the contract in place of plaintiffs' cause of action in tort for damage. The following authorities would seem to support our conclusions herein: *Barton v. Oil Co.,* 112 Kan. 436, syl. ¶ 2, 211 Pac. 608; *Lewis v. Kimball,* 103 Kan. 173, 173 Pac. 279; *Logsdon v. Hudson,* 83 Kan. 500, 112 Pac. 118; *Minor v. Fike,* 77 Kan. 806, 93 Pac. 264; 15 C. J. S. 724, *Compromise and Settlement* §§ 9, 11, and 26 *et seq.*; 11 Am. Jur. 264, *Compromise and Settlement* §§ 18, 25.

The order of the district court overruling defendants' demurrer should be affirmed. It is hereby so ordered.