GEORGE N. YOUNGSON, ADMINISTRATOR OF THE ESTATE OF
WARREN BOND, DECEASED, APPELLEE, V. HARRIET M.
BOND ET AL., APPELLANTS.*

FILED JUNE 3, 1903.   No. 10,473.

1. County Court: JURISDICTION. Where a suit in equity is to be
   regarded as part of the proceedings for settlement of the estate
   of a deceased person, it must be brought in the county court,
   which has exclusive original jurisdiction of such matters.

2. Suit by Administrator with Will Annexed for Construction of
   Will. Hence a suit by an administrator with the will annexed
   for construction of the will in order to enable him to administer
   the estate properly, is not maintainable in the first instance in
   the district court.

3. Distinction Between Suit by Administrator and by Trustee Under
   a Will. It seems that a distinction is to be drawn between such

* Rehearing of case reported in 64 Neb. 615.

a case and a suit by trustees under a will, after settlement of the estate, to obtain a construction of the provisions of the will relating to their trust, and that in the latter case suit must be brought in the district court.

4. **Constitutional Provision.** Section 16, article 6, of the constitution does not preclude a county court from construing a will, in a proper case, and determining the effect and meaning of a devise of lands so far as is necessary to give proper directions to an executor or administrator with the will annexed.

5. **Construction of Will by Probate Court.** The construction of the will in such a case, is for the information and benefit of such executor or administrator only, in order to advise him what course to pursue. It adjudicates nothing beyond his rights and liabilities in the execution of his office; controversies between adverse claimants under the devise or between the executor or administrator and persons claiming adversely to the estate, will not be affected thereby.

APPEAL from the district court for Kearney county: FREDERICK B. BEALL, DISTRICT JUDGE. *Former judgment of reversal adhered to.*

*John L. McPheeley, William Gaslin* and *G. L. Godfrey,* for appellants.

*Ed L. Adams, John B. Scott, Claude C. Flansburg* and *Richard O. Williams, contra.*

POUND, C.

Upon rehearing, it is contended that this suit is to be regarded as one for construction of the will, and hence is maintainable notwithstanding the principles of law laid down in the former opinion. But we are of opinion that, even upon that ground, it was not within the original jurisdiction of the district court and that the former judgment should be adhered to.

The suit is brought by an administrator with the will annexed, and, in view of the decision in *Kennedy v. Merrick,* 46 Neb. 260, would be maintainable only upon the theory that a construction of the will was necessary to enable him to settle the estate. So regarded, we think the suit was within the exclusive original jurisdiction of the county

court. *Williams v. Miles,* 63 Neb. 859; *Genau v. Abbott,* 68 Neb. 117. It is well settled that the county court has full and complete equity powers as to all matters within its exclusive jurisdiction. Clothed with these powers, its authority to construe a will, when necessary to enable its officers to settle an estate properly, is as clear as its authority to set aside on equitable grounds an order admitting a will to probate. Is its jurisdiction in such a case exclusive? This, we think, must depend upon the purpose and end of the proceeding. Where a suit in equity is to be regarded as part of the proceedings for settlement of the estate of a deceased person and has no further object than to procure or advance such settlement, it must be brought in the county court. The obvious purpose of the statute is to give all powers necessary to complete and speedy settlement of estates to one court, and to require all proceedings toward that end to be brought in that court in the first instance. To permit a concurrent equity jurisdiction, as to such proceedings, in the district court, in view of the principle that a court of equity which has acquired jurisdiction for one purpose will hold it for all purposes so far as necessary to give complete relief and render a full decree covering the whole controversy, would be very likely to lead us back little by little to the old time suits for administration. For these reasons, we think a suit by an administrator with the will annexed for construction of the will, in order to enable him to administer the estate properly, is not maintainable in the first instance in the district court. Such a suit is in reality a part of the proceedings for settlement of the estate. It is very different from a suit by trustees under a will, after settlement of the estate, to obtain a construction of the provisions of the will relating to their trust. Such a suit is not in any sense a part of the settlement of the estate. The district court has undoubted jurisdiction over such a trust, whether to enforce it, to give directions for its execution, or to appoint new trustees. Hence its power to construe the instrument creating the trust is clear. With respect

to the administrator with the will annexed pending settlement of the estate, the case is entirely distinct. The estate is not before the district court for settlement, nor can it come before that court except by appeal. Hence that court ought not to be giving directions to the officer of another court, how to administer an estate in the other court, except as its appellate jurisdiction is invoked.

It is urged that section 16, article 6, of the constitution precludes a county court from construing a devise of lands. We do not think the provision in that section that the county court shall have no jurisdiction "in actions in which title to real estate is sought to be recovered, or may be drawn in question" affects the conclusion already reached in any way. The evident meaning is that the county court shall have no jurisdiction of actions to recover real property or wherein the present title to real property is directly or substantially involved. But the provision does not mean that the county court is to be without jurisdiction where a question of title arises incidentally or collaterally or where the present title is not involved. Many actions which are not in form brought to recover the title to real property, nevertheless, have the effect of settling and adjudicating the present title. Such actions would not be within the letter of the first portion of the constitutional provision and yet are clearly within its reason. The object of the remainder of the provision in question is obviously to cover such cases. This court has construed the constitutional provisions as to jurisdiction of the county court and justice's court consistently in this manner in a series of decisions. *Stout v. Rapp*, 17 Neb. 462; *Mushrush v. Deveraux*, 20 Neb. 49; *Garmire v. Willy*, 36 Neb. 340. Similar constitutional provisions in other states have received the same construction. *Branson v. Studabaker*, 133 Ind. 147, 33 N. E. 98; *Hilton v. City of St. Louis*, 129 Mo. 389, 31 S. W. 771; *Norris v. Nesbit*, 123 N. Y. 650; *Harvey v. Travelers Ins. Co.*, 18 Colo. 354, 32 Pac. 935. In *Stout v. Rapp* the court said:

"Suppose a debtor is not the owner of any real estate,

and under the proceedings provided for by section 34 so testifies, has the county court lost jurisdiction of the matter upon the ground that by hearing the testimony offered, that the assignor had neither 'lands, town lots nor houses,' he is trying the question of title to real estate? \* \* \* In the case at bar the question of ownership of any of the kinds of property exempt as a home might be incidentally drawn in question, but question of title could not possibly be adjudicated thereby, even if the court had jurisdiction to try the question of title. What higher or greater right to real estate could·a party have after such an adjudication than he had before?"

In *Branson v. Studabaker,* there was a controversy as to the jurisdiction of the appellate court of Indiana, which has no jurisdiction of appeals wherein the title to real estate is in question. The court said (p. 154) :

"As effective a practical test as can be found is supplied by the answer to the question : Is the effect of the judgment appealed from such as to divest one of the parties of the title or to invest one of them with the title? It is manifest that if the issues and judgment are of such a character as to settle the question of title and enable the parties to make use of the judgment as the basis of a plea of *res adjudicata,* in a controversy concerning the title, jurisdiction is in this court, but it is equally evident that, where the judgment can not be regarded as conclusively adjudicating the question of title, jurisdiction is in the appellate court, although the question of title may be incidentally or indirectly involved."

These considerations are decisive. A county court is not precluded from construing a will in a proper case and determining the effect and meaning of a devise of land, so far as is necessary to give proper directions to an executor or administrator with the will annexed. The directions given by the court to the administrator can not be used as the basis of a recovery by any one or to defeat a recovery by any one. The present title to the land is in no way brought in question. The construction of the will in

such a case, is for the information and benefit of such executor or administrator only, in order to advise him what course to pursue. Controversies between adverse claimants under the devise or between the executor or administrator and persons claiming adversely to the estate will not be affected thereby, except as to claims for maladministration or improper execution of the trust. As pointed out in the former decision, the interest of the administrator with the will annexed extends only to possession of the land and disposition of the rents and profits in settlement of the estate. Such instructions as the court may give him, based upon construction of the will, in order that he may act intelligently with respect to lands devised, are not to be taken as adjudicating anything beyond his rights and liabilities in the execution of his office, and if there were any possibility that they might be given further effect, the constitutional provision in question would prevent it.

We therefore recommend that the former judgment be adhered to.

BARNES and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the former judgment of this court is adhered to.

FORMER JUDGMENT ADHERED TO.