### COLLINS v. MOSHER et al.
### No. 9505.

Circuit Court of Appeals, Ninth Circuit.

Nov. 29, 1940.

Rehearing Denied Dec. 30, 1940.

E. E. Selden, of Phœnix, Ariz., for appellant.

G. W. Silverthorne and Kent Silverthorne, both of Phœnix, Ariz., for appellee Herlick.

Gust, Rosenfeld, Divelbess, Robinette & Coolidge, of Phœnix, Ariz., for appellees Skrehot and Young.

Before WILBUR, DENMAN, and STEPHENS, Circuit Judges.

STEPHENS, Circuit Judge.

Appeal from a judgment of dismissal entered by the District Court in an action to quiet title to certain properties and to secure a construction of appellant's rights. Jurisdiction of the Federal Courts is based upon diversity of citizenship and the requisite jurisdictional amount.

The complaint of plaintiff-appellant alleges, in brief, that ·he is the equitable owner of one-quarter undivided interest as a cestui que trustent and remainderman in the described premises; that the title to said premises is vested in the defendant trustees of the Julia A. Lount estate; that all of said premises were originally a part of the estate of Julia A. Lount, deceased, whose will was filed for probate in the Probate Court of the County of Maricopa, Territory of Arizona, May 22, 1907; that by the formal decree of said Probate Court all of the described premises were distributed according to the terms of the will and this vested title in the defendant, Hattie L. Mosher and William B. Lount as Trustees, in trust, as provided in said will; that August 31, 1924, one of the trustees, William B. Lount, died, and no other trustee has since been appointed; that the plaintiff is the grantee by deed for a valuable consideration, of all the right, title and interest of Frances Lount, daughter of William B. Lount, in and to said property; that by virtue of the will of Julia A. Lount, deceased, the said Frances Lount and therefore plaintiff is entitled and has been entitled since the death of the said William B. Lount, to an undivided one-quarter interest in the rents, issues and profits of the described real property and to a one-quarter undivided interest as remainderman in all of said property.

These are all the allegations purporting to set up a right of the plaintiff in said property. There follow certain allegations to the effect that the defendant Hattie L. Mosher has made certain unauthorized conveyances of the property which will ripen into adverse title unless plaintiff's title is quieted.

A copy of the will of Julia A. Lount, deceased, is attached as an exhibit to the complaint. The following are the pertinent provisions of the will:

"I give, devise and bequeath unto my son William B. Lount and to my said daughter Hattie L. Mosher, jointly, all of the residue and remainder of my property, real, personal and mixed, wherever situated, in trust however, to be by them managed, controlled, leased, sold and distributed, in the manner following:

"(1) Said trustees shall manage, control, lease, hypothecate and sell any and all of such residue estate as they in their judgment shall deem best for the beneficiaries hereunder and without other or further authority from the Probate or other court; and shall, without other authority than their own and the authority herein contained, execute deed, deeds or other instruments of conveyance of any such residue of which I may die seized, and it is my intention that such conveyance shall be sufficient in law.

\* \* \* \* \*

"(5) After the foregoing provisions have been carried out I direct that the remainder of the residue of my estate be distributed as follows:

"(a) Distribute all rents, issues and profits, and the proceeds of any sale or sales of real estate which came to me through the estate of my late husband, Samuel D. Lount, deceased, (I owning

three quarters and my son owning one quarter thereof) two quarters of my said three quarters to my said daughter, Hattie L. Mosher, and the other quarter to my said son.

"(b) Distribute all rents, issues and profits, and the proceeds of any sale or sales of real estate, or other property, belonging to the co-partnership of S. D. Lount and Son, my interest therein being the one-half, five of my eight sixteenths to my said daughter and the other three sixteenths to my said son.

"(c) Distribute all rents, issues and profits, and the proceeds of any sale of real estate or other property belonging to me and not otherwise hereinbefore provided for, share and share alike between my said son and daughter.

"III. Should either my said son or daughter die before my decease, it is my desire that the residue distributive share of such deceased son or daughter be distributed among the children of such deceased son or daughter, share and share alike; i. e. such surviving child or children shall take the full distributive share of said son or daughter, the parent."

At the outset it should be noted that, assuming the will created a valid trust, the only named beneficiaries are the two children of the decedent. The only contingency provided wherein the grandchildren of the decedent would become beneficiaries is contained in the last-quoted paragraph of the will, that is, in the event either of the children of the decedent predeceased her. It is admitted that William B. Lount, the father of Frances Lount through whom the appellant claims, survived the testatrix, and did not die until 1924, some 17 years after the will was admitted to probate. No provision is made for distribution of the residue of the estate upon the termination of the alleged trust, and no provision is made for the disposition of that portion of the rents, issues and profits from the premises, which would have belonged to William B. Lount had he survived.

Appellant's entire theory rests upon the first assumption that the above-quoted provisions of the will of Julia A. Lount created a valid and subsisting express trust. That there was a trust created is denied by the appellee.

■ Let us examine the terms of the will in the light of appellant's claims. The trustees, if there is a trust, are the testatrix' children, William B. Lount and Hattie L. Mosher, the same two who are named as sole beneficiaries of the "trust". They are given full powers of management and control with power to dispose of any and all of the assets of the estate. The rents, issues and profits of the estate, and the proceeds of any sale or sales of properties are to be distributed to William B. Lount and Hattie L. Mosher in certain proportions, depending upon the source of the property sold. Such a bequest passes absolute title to the land itself. Kimberlin v. Hicks, 150 Kan. 449, 94 P.2d 335, 337; Lachmund v. Moore, 192 Iowa 980, 181 N.W. 4; Schnack v. City of Larned, 106 Kan. 177, 187 P. 1012, 1014; In re Franck's Estate, 190 Cal. 28, 210 P. 417, 418. This is in accord with the decision of this Court in the case of Collins v. Mosher, 9 Cir., 91 F.2d 582, 584, where we had under consideration the very same will with which we are here concerned. There we said, "The will presents but little difficulty. The son and daughter are designated as trustees to carry out its provisions in respect of the management, sale, and disposition of the estate and the payment of certain contingent legacies and bequests; but after these duties shall have been performed the residue of the estate is given to them without condition."

But there is another reason why the judgment of the District Court dismissing appellant's complaint should be affirmed, even on appellant's own theory of the case.

■ As we said above, appellant's case is premised upon the first assumption that a valid trust was created by the will. From this point the argument is that "The interest of the appellant in the residue of the estate of Julia A. Lount at the termination of the discretionary trust is in the nature of an equitable reversion or it is a possibility of reverter." Various citations are given to the effect that where the owner of property devises it upon a trust which is fully performed without exhausting the entire property so devised, the devisee holds the surplus upon a resulting trust for the estate of the settlor. Appellant then concludes, "Since the will of Julia A. Lount, deceased, created a discretionary trust it follows that upon the death of William B. Lount his interest in the rents and profits of the estate

reverted immediately as a resulting trust to the estate of Julia A. Lount, deceased. Since William B. Lount and Hattie L. Mosher were the only children of Julia A. Lount, deceased, and since appellant is the assignee of one of the two living children of William B. Lount, deceased, it follows that appellant is now entitled to one quarter of all the rents, issues and profits from the property described in the complaint since the death of William B. Lount". Appellant further contends that on the same theory he is a contingent remainderman as to the property itself.

It should be remembered that the will contains no provision for a distribution of the remainder, therefore the decedent died intestate as to it, assuming it did revert to her estate. Appellant has therefore not shown an interest in the property or the rents therefrom. At the decedent's death she was survived by her two children. Those two children were her heirs. The grandchildren, whose parents were living at the time of decedent's death, had no right or interest in the property.

The judgment of the District Court dismissing the complaint is affirmed.