ISABELLE ANNABLE, APPELLEE, V. BURR C. RICEDORFF ET AL., APPELLANTS.

299 N. W. 373

FILED JULY 18, 1941. No. 31131.

*G. T. H. Babcock* and *Charles A. Fisher,* for appellants.

*R. O. Reddish, contra.*

Heard before ROSE, EBERLY and YEAGER, JJ., and THOMSEN and WENKE, District Judges.

EBERLY, J.

This is an action in the district court for Dawes county to partition certain real estate described in the petition, and for an accounting of the rents and profits of this real estate for definite periods set up in this pleading. Isabelle Annable was plaintiff; Burr C. Ricedorff and Eileen Ricedorff, husband and wife, were defendants. It was commenced on June 28, 1939, after the death of Elizabeth Ricedorff. There was a finding and judgment in favor of the plaintiff, and from the order of the district court overruling their motion for a new trial, the defendants appeal.

It appears that John W. Ricedorff died testate on July 19, 1933, a resident of Dawes county, Nebraska, leaving surviving him, as his only heirs at law, his widow, Elizabeth Ricedorff, the plaintiff, Isabelle Annable, a daughter, and the defendant, Burr C. Ricedorff, a son. His last will is dated May 9, 1928, and was admitted to probate in the county court of Dawes county on August 12, 1933. Letters testamentary were issued to his widow, Elizabeth Ricedorff, and his son, Burr C. Ricedorff, who qualified as executrix and executor. The record presents, as the basic question, the proper construction of the second clause of the last will of John W. Ricedorff, deceased, which reads as follows: "Second. I give, devise and bequeath to my beloved wife Elizabeth Ricedorff, all my estate, real, personal and mixed

wherever located, to her own use and benefit forever; and it is my desire and wish that after her death, that all the property remaining, shall be divided equally between my son Burr and my daughter Belle."

Under the terms of the paragraph thus quoted, five separate tracts of real estate or city property, to be hereinafter described, were devised to the widow. The administration of the estate of John W. Ricedorff was in due time completed. It appears that no petition was ever filed in these probate proceedings for a construction of the will and no notice of hearing for a construction of the will in the probate court was ever given.

On December 12, 1933, Burr C. Ricedorff, one of the executors, filed a petition for distribution in this estate, in usual form, substantially alleging that the estate had been completely administered and prayed that a decree be entered assigning the residue of the estate; that notice thereof be given, and that upon such hearing on such final report the same be approved by the county court and the executors be discharged. Notice thereof was, by order of the county court, published in a legal newspaper which set forth, in substance, that the executors had filed their final account, that the petition for final settlement and discharge therein was set for hearing and would be heard on December 30, 1933, at 10 o'clock a. m., "when you may appear and contest the same." In the decree of the county court entered on such final report and petition, and after hearing, the county court determined that the final report was correct and approved the same; found that due notice was given to creditors and that no claims were filed; that there are no inheritance taxes, and that all debts of the decedent have been fully paid and satisfied; that the decedent died seised of the following described real estate: (Tract One) lot 197, Kenwood addition to Chadron; (Tract Two) lot 296 and south half of lot 295, Kenwood addition to Chadron; (Tract Three) lot 68, Kenwood addition to Chadron; (Tract Four) lot 3, block 2, North Chadron addition to Chadron; (Tract Five) lots 87 and 88, Kenwood addition to Chadron, all

situated in Dawes county, Nebraska; "that, under the last will and testament, all of the estate of the decedent, including real, personal and mixed wherever located, was bequeathed to his wife, Elizabeth Ricedorff, to her own use and benefit forever; it is the order of the court that all of said real estate as above described and any other property that may be hereafter found be assigned to the said Elizabeth Ricedorff to her own use and benefit."

It also appears that at the time John W. Ricedorff made his will, Elizabeth Ricedorff, his widow, owned and continued to own until her death testate on March 17, 1939, lot 82, Kenwood addition to Chadron. This lot 82 and the dwelling-house situated thereon constituted the homestead of John W. Ricedorff and wife, Elizabeth Ricedorff, and was so occupied by them at the time of the death of John W. Ricedorff, and thereafter his wife, Elizabeth Ricedorff, continued in the occupancy thereof until her death. She was also the owner in her own right of lot 221, Kenwood addition to Chadron, together with the dwelling thereon situated, which at the time of the trial in the district court was rented for $10 a month. In addition to the real estate last described, Elizabeth Ricedorff, at the time of her husband's death, owned $2,200 in personal property, of which there remained approximately $1,420 at the time of her death. No attempted conveyance of any of the real estate left by John W. Ricedorff had been made since the date of his death, except the following: (1) On March 21, 1934, Elizabeth Ricedorff, the widow, as grantor, executed a deed of conveyance which recited a consideration of $1 and which was duly recorded, and purported to convey "'Tract One" to Burr C. Ricedorff; (2) on December 30, 1933, Elizabeth Ricedorff, as grantor, in consideration of $1, executed a deed of conveyance which purported to convey to Burr C. Ricedorff "Tract Five." Thereafter the defendant Burr C. Ricedorff sold and conveyed the property last described to one Emma V. Cooksey for $450. It also appears that the taxes on lot 197, Kenwood addition to Chadron (Tract One), occupied by a "store building," are unpaid for the years 1935-1938, in-

clusive, and at the time of the trial in the district court amounted to $239.58.

In this partition action plaintiff, as the basis of her right of action, pleaded the will of John W. Ricedorff bearing date of May 9, 1928, alleging that, "under the provisions of which he did give, devise and bequeath, all of his property, real and personal, remaining after the payment of his debts, funeral and administration expenses, to his son, the defendant Burr C. Ricedorff, and his daughter, the plaintiff Isabelle Annable, subject to the use and benefit of said property by his widow, the said Elizabeth Ricedorff, during her lifetime." Further, that by reason of the facts alleged the plaintiff, Isabelle Annable, and defendant Burr C. Ricedorff are the sole and exclusive owners in fee simple of the five tracts of land hereinbefore described, and ever since March 17, 1939, the plaintiff and said defendant have been, and now are, entitled to the use, rents, issues and profits of said property and to an accounting thereof (excepting as to Tract Five), and a partition of said estate as provided by law.

To this pleading the defendants answered, in effect, admitting the death of John W. Ricedorff and the ownership of the property at the date of death, as alleged in plaintiff's petition, and the existence and due probate of his last will are also admitted. Further, defendants allege, in effect, that the final decree entered in the John W. Ricedorff estate was in truth a valid construction of the will therein, as the county court was of competent jurisdiction to determine the nature of the title vested by the terms of such last will in the wife, Elizabeth Ricedorff, to be in the nature of a fee simple title and binding upon the plaintiff herein. This answer also set out the death of Elizabeth Ricedorff, the execution and terms of her last will, and the due admission thereof to probate.

To this answer, plaintiff filed a reply.

The district court adjudged and determined that, under the terms of the will of John W. Ricedorff, his widow, Elizabeth Ricedorff, was entitled to a life estate only in the real estate hereinbefore described, with power to dispose

of and use the principal so far as the same might be necessary and reasonable for her support, comfort and enjoyment, and that so much of said property, above described, remaining at the death of Elizabeth Ricedorff should vest in plaintiff, Isabelle Annable, and in defendant Burr C. Ricedorff, in equal shares; that Elizabeth Ricedorff, the widow, died March 17, 1939; that title to (Tract Five) lots 87 and 88, Kenwood addition to Chadron, Dawes county, Nebraska, had, through mesne conveyance, vested in an innocent purchaser, and was not subject to partition in this action.

The court further determined that it was not necessary or proper for Elizabeth Ricedorff to sell and convey any of the real estate above described for her support, comfort and enjoyment, and the conveyances made by her were effective to convey only her life estate. Upon the basis of its findings, the court determined the amounts due from the defendant Burr C. Ricedorff to the plaintiff as her undivided share because of rents and profits arising out of said estate, received and enjoyed by the defendant after the 17th day of March, 1939, and because of his failure as life tenant to pay certain taxes assessed on certain of the real estate herein involved. It was further adjudged that plaintiff was entitled to a partition and sale of said premises.

The first contention of defendants as to the force and effect of the decree of the county court entered in the matter of the estate of John W. Ricedorff, approving the final report of the executors therein, as being a decree construing the terms of the will therein and determining the nature and extent of the title devised thereby, cannot be sustained. So far as the executors are concerned, the terms of the will are clear. There is no possible question as to the property conveyed thereby. The devisee is certain. Whether the title devised is a life estate or amounts to a fee is a matter in which the executors as such in the instant case can have no interest, for it in no manner affects their actions and duties as executors. This jurisdiction was long ago committed to the doctrine: "The construction of the will in such a case (in probate court) is for the information and benefit of such

executor or administrator only, in order to advise him what course to pursue. It adjudicates nothing beyond his rights and liabilities in the execution of his office; controversies between adverse claimants under the devise or between the executor or administrator and persons claiming adversely to the estate, will not be affected thereby." *Youngson v. Bond,* 69 Neb. 356, 95 N. W. 700. See, also, *Andersen v. Andersen,* 69 Neb. 565, 96 N. W. 276; *Fisher v. Fisher,* 80 Neb. 145, 113 N. W. 1004; *Klug v. Seegabarth,* 98 Neb. 272, 152 N. W. 385.

The matter here presented was determined in the following language in *Merrill v. Pardun,* 125 Neb. 701, 251 N. W. 834: "A county court has jurisdiction to construe wills when necessary for the benefit of the executor in carrying out the terms of the will, but has no jurisdiction to construe wills to determine rights of devisees or legatees as between themselves, and where under the terms of the will an executor can assign the property without a construction of the will and does not request such construction, the court has no authority to bind the heirs or legatees by any construction."

The conclusion is inescapable that the decree in the county court approving the final report of the executors and directing distribution is not a determination of the respective rights of the devisees under the terms of the will.

We are, on the contrary, committed to the view that the district court has jurisdiction in an action of partition to construe a clause in a will determining the rights of the parties. *Fisher v. Fisher,* 80 Neb. 145, 113 N. W. 1004; *Mohr v. Harder,* 103 Neb. 545, 172 N. W. 753; *Krause v. Krause,* 113 Neb. 22, 201 N. W. 670.

We now recur to the question of the proper construction of the second paragraph of the will of John W. Ricedorff. The part of this paragraph which is determinative of the matter here in suit is the last clause thereof, which is as follows: "And it is my desire and wish that after her (Elizabeth Ricedorff's) death, that all the property remaining, shall be divided equally between my son Burr (Burr C.

Ricedorff) and my daughter Belle (Isabelle Annable)." In this state, under the facts here presented, the following statutory provision is applicable and controlling: "In the construction of every instrument creating or conveying, or authorizing or requiring the creation or conveyance of any real estate, or interest therein, it shall be the duty of the courts of justice to carry into effect the true interest (intent) of the parties, so far as such intent can be collected, from the whole instrument, and so far as such intent is consistent with the rules of law." Comp. St. 1929, sec. 76-109.

It is to be observed that the term "forever," as used in paragraph 2 of this will, is not a technical term, and its influence and intendment are determined by its context. *Schnitter v. McManaman*, 85 Neb. 337, 123 N. W. 299; *Den ex dem. Ewan v. Cox*, 4 Halst. (N. J. Law) 10.

Construing the controlling words of paragraph 2 of the will under consideration, above quoted, in view of everything expressed within the four corners of this instrument, the relations between the parties and their respective financial situations so far as reflected by the evidence, and in the light of all the facts and circumstances disclosed by the proof, we find and hold that it was the intent of the testator that the words "and it is my desire and wish that after her death, that all the property remaining, shall be divided," etc., should be and they are effective to create a precatory trust, and that, under the terms of the will, Elizabeth Ricedorff, the widow of deceased, was entitled to a life estate only in the property devised to her thereby, with power to dispose of and use the principal thereof only so far as the same might be reasonably necessary for her support, comfort and enjoyment, and that all of said property so devised to Elizabeth Ricedorff remaining at the time of her death should go to and vest in Isabelle Annable, plaintiff herein, and Burr C. Ricedorff, defendant, share and share alike, as tenants in common, and that a trust will be enforced in said remainder in favor of the devisees last named.

It further appears that the provisions of the will of John W. Ricedorff do not authorize Elizabeth Ricedorff, his widow,

to make a gift of his realty, and such transfers made by her are void. *Graff v. Graff*, 136 Neb. 543, 286 N. W. 788.

The transfers by deeds of conveyance hereinbefore made by the widow to the defendant (Burr C. Ricedorff) herein were not necessary and proper for her support, comfort and enjoyment, and such conveyances were effective to convey her life estate only. It also appears that, as between the life tenant and the owner of the fee, it is the duty of the former to pay all taxes charged against the land. *Spiech v. Tierney*, 56 Neb. 514, 76 N. W. 1090; *Disher v. Disher*, 45 Neb. 100, 63 N. W. 368; *Saffer v. Saffer*, 133 Neb. 528, 274 N. W. 479.

We are also committed to the view that in a partition action the district court has authority to take an account of rents and profits. 20 R. C. L. 734, sec. 16.

It also appears that in this partition action the life tenant, Burr C. Ricedorff, is not entitled, as against the other legatees, to compensation for repairs and betterment upon the land made by him during the life of Elizabeth Ricedorff, and while he was in possession of the premises pursuant to a conveyance by Elizabeth Ricedorff as owner of the life estate therein.

A careful examination of the final decree of the district court appealed from herein, and the proof in the record, discloses that such decree was entered in harmony with the principles of law approved in this opinion, and is amply supported by the evidence presented to the trial court.

It follows that the judgment of the district court is in all respects correct, and it is

AFFIRMED.