CLARENCE WRIGHT HIATT ET AL., APPELLEES, V. JOSEPH MILLER HIATT ET AL., APPELLEES, IMPLEADED WITH GRACE MARIE THOMPSON ET AL., APPELLANTS.

20 N. W. 2d 921

FILED DECEMBER 7, 1945. No. 31952.

[black redaction bars]

*Hubka & Hubka,* for appellants.

*Jack & Vette,* for appellees.

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ.

CHAPPELL, J.

The issues in this appeal arose out of a suit to partition certain real property devised by the will of Colonel J. Hiatt, deceased. As suggested by counsel, appellants, Grace Marie Thompson, Mary Elizabeth Cully, and Carolyn Clausen, will hereinafter be called plaintiffs and the appellee, Joseph Miller Hiatt, defendant. The will was executed March 27, 1928. Testator's death occurred May 1, 1930. His will was admitted to probate on June 3, 1930. On May 1, 1931, all claims against the estate having been fully paid or legally barred, the county court entered its decree of final settlement construing the will and devising the property as directed therein but providing: " * * * however, the share of Joseph Miller Hiatt is subject to a charge of $800.00 with interest thereon at five per cent, per annum from March 20, 1926 as a part of said estate." That decree also provided that the executors should be discharged from their trust upon the payment of costs, expenses, and certain amounts therein directed to be paid, or the filing of vouchers showing such payments, together with the receipt of the trustees for the residue.

Thereafter two of the testator's sons assumed their duties as trustees of the property devised during the lifetime of testator's widow, as provided in the will, and served as such until March 25, 1942, when they resigned. On April 7, 1942, another was appointed successor trustee who served until the trust terminated. The testator's widow died February 3, 1944.

One of the nine devisees then filed a suit to partition the real estate devised by the will. Decree of partition was entered and a referee appointed who sold the property and collected the proceeds, together with accruing rentals. The petition in that action asserted the right to a lien upon defendant's share of the proceeds by reason of the debt to the testator theretofore charged or imposed upon defendant's devise in the decree of final settlement.

To that petition defendant filed an amended answer admitting that he owned a one-ninth interest in fee simple in the real property involved by virtue of the devise in the will of testator, a copy of which is attached to and made a part of his pleading. He then alleged substantially that the will contained no language making the debt a charge upon his share of the real property devised, therefore, the debt was extinguished and could not be a charge upon his share of the proceeds of the realty and that the provision in the decree of final distribution purporting to subject his share of the devise to a charge for the debt was void for want of jurisdiction.

Plaintiff devisees, all others disclaiming, then filed a reply admitting the provisions of the will and its probate but denying generally all other allegations of defendant's answer. They then alleged substantially that on March 20, 1926, defendant executed and delivered to Colonel J. Hiatt a promissory note for $800 at five percent, due in five years, no part of which was ever paid and that defendant had knowledge of the provision in the decree of final settlement but took no appeal therefrom and by his conduct is estopped to claim his share of the proceeds without paying the debt. They also alleged that on September 14, 1935, defendant executed a promissory note for $160, payable on demand, at five percent, to the order of the estate of Colonel J. Hiatt, no part of which had ever been paid and that it also should be retained out of defendant's share of the proceeds. They admit that no action at law was ever brought to collect either of the notes and that the statute of limitations has barred actions thereon but contend that under the circum-

stances equity should order the referee to retain such sums against defendant's share for the benefit of the other devisees.

Defendant traversed plaintiffs' reply and the issues were by agreement so presented to the trial court where a decree was entered finding generally for defendant and against plaintiffs. Their motion for a new trial was overruled and plaintiffs appealed to this court assigning as error in substance that the decree is not sustained by the evidence and is contrary to law. We find that these contentions cannot be sustained.

It is conceded that the property involved and the proceeds from the sale thereof by the referee was real estate as distinguished from personalty at all times. With reference to the rent collected, we have only recently held under comparable circumstances that rents, either share or cash, vest as real estate in the devisee or heir by reason of the passing of the title. Hahn v. Verret, 143 Neb. 820, 11 N. W. 2d 551. See, also, In re Estate of Andersen, 83 Neb. 8, 118 N. W. 1108; In re Estate of Pope, 83 Neb. 723, 120 N. W. 191.

The primary question for decision then is whether the debt of defendant to the testator may be retained from or charged on defendant's devise of real estate under the will. In Stanton v. Stanton, 134 Neb. 660, 279 N. W. 336, it was held that: "Where the intention of the testator can be ascertained from the will, it is the duty of the court to give it effect." It was further held: "A will is presumed to contain the final manifestation of testator's bounty, and all advancements and charges against a devisee, not saved by the will, are extinguished." It was also held: "The debt of a devisee to the testator cannot be retained from or charged on the lands devised to him in the absence of language in the will making such debt a charge."

In the opinion it was said: "An heir's distributive share of the personal estate, under all the authorities, may be applied by the administrator or executor in payment of a debt due the estate by such heir. The reason is that the personal estate passes to the administrator or executor, and, while it is in the possession of the administrator or executor, he

may retain a sufficient amount of the legatee's share in the personal property to satisfy the claim of the administrator or executor against him. It is this situation that gives rise to the use of the term 'retainer.' But the title to real estate under a devise in a will is vested in the devisee at the instant of testator's death. Brown v. Webster, 87 Neb. 788, 128 N. W. 635; Fischer v. Sklenar, 101 Neb. 553, 163 N. W. 861. While it is true that the title of the devisee is subject to the right of the executor to sell the land to pay debts duly allowed against the estate and the expenses of administration, as by statute provided, the surplus will be treated as real estate, and consequently the doctrine of retainer could not apply unless it applies generally to a devise of real estate. In re Estate of Schram, 132 Neb. 268, 271 N. W. 694. * * * In this state the legislature has not changed the common law in so far as the descent of real estate is concerned. The result is that real estate descends to the devisees of a deceased free from the debts of such devisee subject only to conditions imposed by statute. Our statutes, hereinbefore cited, do not provide for advancements in testate estates, the will of testator presumably being the testator's last expression of his intention. There being nothing in the will purporting to charge the devisee with the indebtedness owing the testator, it evinces an intention to treat the notes as a simple indebtedness and to leave their enforcement to the ordinary legal methods provided by law. * * * The effect of appellee's contention is that we should substitute the court's idea as to what is fair and equitable for that of the testator. This we cannot do. It might appear to the casual observer that the will as executed produced an inequitable result, but, on the other hand, we have no knowledge of the facts that motivated the testator in drawing the will as he did. He had the legal right to dispose of his property as he saw fit and the reasons he had for making the disposition that he did make are not of concern to this court. The fact remains that the inequity of the present situation, if there be such, cannot be adjusted by depriving the appellant of its legal interest in the devise and giving it to others."

It is well established that the district court has jurisdiction in an action of partition to construe a will, to determine the rights of the parties to the land under the will, and to take an account of the rents and profits arising out of the premises partitioned therein. Annable v. Ricedorff, 140 Neb. 93, 299 N. W. 373.

The testator's will, after providing for payment of his debts and the appointment of executors to serve as such during the administration of his estate, devised all of his property to two sons in trust for the period of the natural life of his wife, to manage the same and provide her with suitable maintenance from the income and accumulate the excess, if any, for the benefit of the estate. He gave the trustees the power to sell or mortgage the property only if it became necessary for the purpose of providing his wife with suitable and comfortable support during her lifetime and the income was insufficient for that purpose. Upon the death of his wife the testator devised all the residue of the estate to his nine children of whom defendant was one, share and share alike, that is one-ninth of such residue to each of them.

We are of the opinion that upon the death of testator the title to all of his property, together with the power to sell or mortgage it only if necessary to perform the trust imposed, vested at once in the trustees in trust for the life of the beneficiary and, subject to the trust provisions, the remainder vested at once in the nine children, one-ninth to each, share and share alike. However, immediately upon the death of the wife the trust automatically terminated and the fee-simple title to all the property remaining, a part of which was the realty here involved, was complete and vested absolutely in the nine children as if the trust provisions had never existed. We find no language in the will making any debt of defendant to the testator a charge on the devise, therefore, the opinion in Stanton v. Stanton, *supra,* controls the decision.

The county court so construed the will in its decree of final settlement but it erroneously subjected defendant's

devise of land to the debt. In that connection the construc-- tion of a will in the probate court is for the information and benefit of the executor only, in order to advise him of the course to pursue and adjudicates nothing beyond his rights and liabilities in the execution of his office. Controversies between adverse claimants under a devise or bequest or be- tween the executor and persons claiming adversely to the estate will not be affected thereby. Hahn v. Verret, *supra*. In such a situation the decree of final settlement entered by the county court purporting to construe the will, thereby depriving defendant devisee of an ·interest in real property devised to him under the will, and giving it to other devisees to satisfy a claim of the estate against him for a debt to the testator would be void for want of jurisdiction. See art. V, sec. 16 of the Constitution; sec. 24-502, R. S. 1943; Fischer v. Sklenar, 101 Neb. 553, 163 N. W. 861; Davis v. Davis, 112 Neb. 178, 199 N. W. 113; In re Heirship of Robinson, 119 Neb. 285, 228 N. W. 852; Merrill v. Pardun, 125 Neb. 701, 251 N. W. 834; Annable v. Ricedorff, *supra*; Hahn v. Verret, *supra*.

We find no evidence in the record upon which plaintiffs could predicate estoppel and it is conclusive that defend- ant's right in this action to make the defense presented by him could not be precluded by his failure to appeal from the decree of final settlement. Therefore, we conclude that the $800 note made, executed, and delivered to the testator more than two years before his will was executed could not be retained from or charged upon the interest of defendant in the real estate devised. It is nothing more than evidence of an indebtedness due the estate and, as such, passed to the executors upon the testator's death or to the trustees as pro- vided in the will. Under such circumstances the only rem- edy of the executors or the trustees was to have invoked the ordinary legal remedies to enforce payment which they evidently did not do until admittedly the statute of limita- tions barred the debt.

From what has been heretofore said it will be observed also that the $160 demand note executed long after the

death of the testator and the closing of the estate could not be retained from or charged on defendant's share of the proceeds. Neither can there be a recovery thereon in this action upon any other theory. The record discloses that defendant's signature was identified and the note was offered in evidence. However, the only other evidence with reference to it is that it was seen for the first time by the successor trustee when found by him in a safety deposit box on February 7, 1944, after the mother's death and approximately eight and one-half years after its execution and maturity. The reason for its execution does not appear. The evidence of the successor trustee is simply that he found the note and never even talked with the defendant about it. There is no evidence that defendant by agreement or otherwise thereby obtained any improper advantage over the other devisees during the administration of the trust, which equity would not permit the defendant to retain, and there is no evidence that the respective claims of the parties before the court arose out of the same transaction permitting the application of reduction or recoupment, thereby avoiding the statute of limitations.

At most, the latter note was simply evidence of a debt from defendant to the trustees of the estate which is not available to the other devisees as a set-off against defendant's share of the proceeds involved in this action because admittedly the statute of limitations has long since barred the debt.

We conclude for the reasons heretofore stated that the judgment of the trial court was correct and it is hereby affirmed.

AFFIRMED.