CLARA I. JONES ET AL., APPELLEES, V. J. E. SHRIGLEY, TRUSTEE, APPELLANT.
33 N. W. 2d 510

Filed August 6, 1948. No. 32385.

*Kirkpatrick & Dougherty, Van Pelt, Marti & O'Gara,* and *John L. Riddell,* guardian ad litem, for appellant.

*Perry & Perry* and *Herman Ginsburg,* for appellees.

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ.

YEAGER, J.

In order that the matters in controversy and the issues involved herein may be comprehended a detailed history

of the incidents and events leading up to them becomes necessary.

Emily J. W. Spencer at the time of her death was a resident of Boston, Massachusetts. She died testate and at the time of her death she was the owner of certain lands in York County, Nebraska. Her will was probated in Massachusetts and later in York County, Nebraska. With regard to the York County land the will contained the following provision:

"I give any and all real estate in York County, Nebraska, to which I may be entitled at the time of my death or which I may have power to dispose of by will to my sister Clara I. Jones and her son Edson T. Jones in equal shares as joint tenants and not as tenants in common; but in trust, nevertheless, to permit said Clara I. Jones and Edson T. Jones each to use and occupy during their respective lives one undivided half of said real estate. Upon the death of either beneficiary, the surviving trustee shall permit the half theretofore used and occupied by that beneficiary to be used and occupied until the termination of the trust as hereinafter provided by such person or persons as he or she may by will appoint, or in default of such appointment to be used and occupied by the heirs of the deceased beneficiary. Upon the death of the survivor of said Clara I. Jones and Edson T. Jones, the trust shall terminate and the legal title as to one undivided half interest in the premises shall vest in such person or persons as said Clara I. Jones shall by will appoint and as to the other undivided half interest in such person or persons as said Edson T. Jones shall by will appoint, or, if the power of appointment as to either half interest be not exercised, that half interest shall vest in the heirs of the person failing to appoint that interest. I direct that so long as the trust shall continue no part of the premises shall be sold without the consent of said Clara I. Jones and Edson T. Jones or the survivor of them."

The defendant J. E. Shrigley was duly appointed ad-

ministrator with the will annexed by the county court of York County, Nebraska. On June 21, 1944, a final decree was entered. On the same day the county court by decree upon the petition of Clara I. Jones and Edson T. Jones appointed the said J. E. Shrigley trustee of the York County lands and of the crops and income which had come into being and had accumulated after the death of Emily J. W. Spencer.

Shrigley under this appointment continued in charge of the lands and made his accounting in accordance with the terms of the appointment without interference until the commencement of this action. The regularity of his acts under the terms of the appointment is not brought into question.

The action here as originally commenced was by Clara I. Jones and Edson T. Jones, plaintiffs, against J. E. Shrigley, Trustee under the Last Will and Testament of Emily J. W. Spencer, deceased, defendant, and the prayer was for a decree construing the last will and testament of Emily J. W. Spencer, deceased, as to the York County real estate and in construing it to declare and confirm in Clara I. Jones and Edson T. Jones a vested fee simple title thereto either as tenants in common or as joint tenants with right of alienation and to thus quiet title in them; for a declaration that the appointment of J. E. Shrigley as trustee was ultra vires and void; and for an injunction enjoining J. E. Shrigley from further interference with the rights of plaintiffs with regard to the land. The case was not finally tried alone on the issues thus tendered.

A contract was entered into for the sale of the lands to one Helen Krenz by Clara I. Jones and Edson T. Jones.

By amended petition Mildred Wade Jones, wife of Edson T. Jones, was made additional party plaintiff and Helen Krenz and Marcia Ann Jones, a minor daughter of Edson T. Jones, were made additional parties defendant.

The prayer of the original petition was substantially renewed in the amended petition. In addition the plaintiff prayed that Helen Krenz be required to specifically perform her contract to purchase the real estate. Also plaintiffs prayed for an accounting of the rents, profits, and income of the real estate by J. E. Shrigley.

By appropriate pleadings there was a joinder of the issues tendered by the plaintiffs.

Following trial a decree was rendered by the court declaring a fee simple title absolute in Clara I. Jones and Edson T. Jones and title was quieted in them with full right to sell and convey the said land subject only to the rights of Helen Krenz, the holder of the contract of purchase. Specific performance of the contract of purchase by Helen Krenz was decreed. It was further decreed that J. E. Shrigley, as trustee of the last will and testament of Emily J. W. Spencer, deceased, and individually, forthwith make an account of the rents, profits, and income of the real estate involved. It was decreed in this connection that if an accounting could not be amicably agreed upon that supplemental issues involving that question be framed and that the question be reserved for future hearing and determination. The defendant Shrigley was also enjoined and restrained from interference with the use of the land and from any effort to prevent a sale thereof.

From this decree the defendant J. E. Shrigley has appealed.

The assignments of error urged as grounds for reversal are: (1) The trial court erred in finding that it was not the intent of testatrix Emily J. W. Spencer, by paragraph 1 of her last will and testament, to create a trust in and to the real estate involved herein; (2) the trial court erred in finding that the testatrix intended that the plaintiffs Clara I. Jones and Edson T. Jones should be vested with absolute fee simple title in and to the real estate; (3) the trial court erred in finding that no remainder estate in the heirs of Clara I. Jones and

Edson T. Jones was created by the last will and testament of the deceased; (4) the trial court erred in finding that the proceedings in the county court of York County, Nebraska, were not res judicata of the issues in this case; and (5) the court erred in ordering specific performance of the contract of sale between plaintiffs and Helen Krenz.

A determination of the first, second, third, and fifth assignments of error is dependent upon the kind, character, and quality of estate or estates devised by the quoted provision of the will of Emily J. W. Spencer, hence it shall not be necessary hereinafter to refer to or to treat of these assignments separately.

The fourth assignment deals with the question of whether or not the decree of the county court of York County, Nebraska, appointing J. E. Shrigley trustee of these lands was such an adjudication as would bar the district court from considering and determining the question of whether or not Emily J. W. Spencer by her will declared a valid trust and whether or not these lands were the subject of the trust so declared.

The legal questions involved in this assignment have by the previous decisions of this court been resolved against the contention of the appellant herein. We think those decisions are fundamentally sound and that there should be no departure from them in this case.

In Merrill v. Pardun, 125 Neb. 701, 251 N. W. 834, it was said: "The county court has jurisdiction to construe wills when necessary for the benefit of the executor in carrying out the terms of the will, but has no jurisdiction to construe wills to determine rights of devisees or legatees as between themselves, and where under the terms of the will an executor can assign the property without a construction of the will and does not request a construction, the court has no authority to bind the heirs or legatees by any construction."

In Youngson v. Bond, 69 Neb. 356, 95 N. W. 700, it was said: "The construction of the will in such a case

(in probate court), is for the information and benefit of such executor or administrator only, in order to advise him what course to pursue. It adjudicates nothing beyond his rights and liabilities in the execution of his office; controversies between adverse claimants under the devise or between the executor or administrator and persons claiming adversely to the estate, will not be affected thereby." See, also, Annable v. Ricedorff, 140 Neb. 93, 299 N. W. 373; Hahn v. Verret, 143 Neb. 820, 11 N. W. 2d 551; Hiatt v. Hiatt, 146 Neb. 652, 20 N. W. 2d 921.

The county court of York County under these authorities was without jurisdiction to adjudicate any such rights as are involved in this action, therefore it follows that any pretended adjudication of any such right could not prevent the adjudication of such rights in the district court.

We return now to the question of the kind, character, and quality of the estate or estates devised by the will.

As the basic ground for the relief sought plaintiffs Clara I. Jones and Edson T. Jones assert that though the language of the will indicated that the lands were placed in trust, no trust was, within the true interpretation and intendment thereof and a proper application thereto of controlling legal principles, actually brought into being, but that to the contrary a fee simple title to the lands passed to said plaintiffs.

On the other hand the defendant J. E. Shrigley asserts that the will created a valid and subsisting trust and that therefore none of the relief prayed by plaintiffs was available to them.

In an approach to the question of whether or not a trust is created by a devise in a will it must be borne in mind that the intent and purpose of the testator or testatrix is to be ascertained from the language of the will and this intent and purpose when ascertained must be given effect if not contrary to law or public policy. In re Estate of Mooney, 131 Neb. 52, 267 N. W. 196.

Another fundamental proposition to be borne in mind is that in order that there may be a finding of the existence of a valid trust there must be a trustee, an estate devised to him, and a beneficiary. The trustee and the beneficiary must be separate and distinct entities. Greene v. Greene, 125 N. Y. 506, 26 N. E. 739, 21 Am. S. R. 743; Weeks v. Frankel, 197 N. Y. 304, 90 N. E. 969; 69 C. J., Wills, § 1828, p. 705; 54 Am. Jur., Trusts, § 30, p. 43; Peterborough Savings Bank v. Pierce, 54 Neb. 712, 75 N. W. 20; Watson v. Dalton, on rehearing, 146 Neb. 86, 20 N. W. 2d 610; Swisher v. Swisher, 157 Iowa 55, 137 N. W. 1076; Tilton v. Davidson, 98 Me. 55, 56 A. 215; Collins v. Mosher, 115 F. 2d 900 (Certiorari denied 313 U. S. 581, 61 S. Ct. 1097, 85 L. Ed. 1537). There appears in Milligan v. Gallen, 64 Neb. 561, 90 N. W. 541, a disapproval of the doctrine of Peterborough Savings Bank v. Pierce, *supra,* but the doctrine disapproved has no relation to the legal proposition on which the case is cited herein.

Still another fundamental proposition to be remembered is that if the trust is passive, that is if the trust imposes no affirmative or substantial duties upon the trustee of real estate but seeks to convey to him the bare naked title, the legal title as well as the beneficial use passes to the cestui que trust. Hill v. Hill, 90 Neb. 43, 132 N. W. 738, 38 L. R. A. N. S. 198; Flanagan v. Olderog, 118 Neb. 745, 226 N. W. 316; Lancaster County Bank v. Marshel, 130 Neb. 141, 264 N. W. 470; Beals v. Croughwell, 140 Neb. 320, 299 N. W. 638, 138 A. L. R. 1330; 54 Am. Jur., Trusts, § 12, p. 29.

The plaintiffs assert, as a basis for their contention that they received a fee simple title to the lands devised, that the will did not create a trust since it did not meet the essential legal requirement that there be a genuine separation of the equitable and legal interests.

The plaintiffs however are not entitled to the relief prayed on the ground that the will did not indicate and contemplate such a separation. If instead of two

named trustees and two beneficiaries who were identical there had been one named trustee and one beneficiary with the two being the same person the rule of law contended for would have application but it has no application where, as here, a will names two persons as cotrustees and the same two as the beneficiaries of a trust. The rules in this respect are set forth tersely in Restatement, Trusts, § 99, p. 269, and in comments a. and b. as follows:

"(1)  One of several beneficiaries of a trust can be one of several trustees of the trust.

"(2)  One of several beneficiaries of a trust can be the sole trustee of the trust.

"(3)  The sole beneficiary of a trust can be one of several trustees of the trust.

"(4)  If there are several beneficiaries of a trust, the beneficiaries may be the trustees.

"(5)  The sole beneficiary of a trust cannot be the sole trustee of the trust.

"Comment: a.  Where one person has both the legal title to property and the entire beneficial interest, he holds it free of trust.  There is no separation of the legal and beneficial interests, and there are no duties running from himself to himself, and no rights against himself.  He is in a position where he can dispose of the property as freely as any owner can do, since there is no one who can maintain a proceeding against him to prevent him from so doing, and if he transfers the property there is no one who can make him accountable for the proceeds or can reach the property in the hands of the transferee.  He cannot himself maintain an action against the transferee since he cannot base an action upon his own voluntary act in making the transfer. * * *.

"b.  On the other hand, there can be a trust where there are several beneficiaries who are also the trustees. In such a case each of the beneficiaries has an equitable interest which is separate from the legal interest held by the whole group.  As trustees they hold the legal title

as joint tenants, and ordinarily they hold the beneficial interests as tenants in common. No one of them, without the concurrence of the others, can properly transfer an undivided legal interest in the property free of trust. If a creditor of one of the beneficiaries seeks to reach his interest he can do so only by proceedings appropriate for reaching an equitable interest, and cannot levy execution in an action at law upon his legal interest."

In the opinion in Swisher v. Swisher, *supra,* is language which appears to be in conflict with the rule that where there is more than one trustee the trustees and the beneficiaries may be the same persons. In actuality that question was not before the court. The decision there was that where a person was made a cotrustee of an estate in lands and in legal effect was granted a legal estate to an undivided portion of the lands title thereto vested in him since a person cannot hold the legal title in trust for his own benefit. The true holding and the one called for by the issues made was that there was no separation in the instrument of conveyance of the beneficial interest and the legal estate.

On the basis of these principles therefore plaintiffs may not be allowed to prevail on the theory that trustees may not be the same persons as those who are named as beneficiaries of a trust in a testamentary devise of real estate. The provision of the will designating trustees and beneficiaries was not violative of law.

We pass to the question of the intent and purpose of the testatrix as disclosed by the language used in the provision creating the devise. This intent and purpose as has been pointed out must be fulfilled if it conforms to and is not violative of law. As a corollary to the rule in this respect it appears proper to say that regardless of intent and purpose as disclosed, if the language used when weighed in the light of existing law defeats that intent and purpose such intent and pur-

pose must be discarded by the courts and the law allowed to control.

Obviously the language employed by the testatrix expressed an intention and purpose to create a trust in joint tenancy for the benefit of Clara I. Jones and Edson T. Jones so long as the two should live and for the survivor of the two and the heirs or devisees of the other until the death of the survivor, and thereafter to pass fee simple title to the heirs or devisees of the two named beneficiaries. By the language employed the beneficiaries or the survivor of them were empowered to consent to sales of the real estate.

It must be ascertained then if this declared intent and purpose may be carried into effect or if it contravenes law and legal principle in whole or in part thus requiring a disposition other and different from that contained in the expression of intention and purpose.

There is no contention that the provision of the will was insufficient as a conveyance of the land. The only question is as to the character and quality of the estate or estates conveyed. We shall therefore thus limit ourselves in our discussion.

The declared intent of the will was to make Clara I. Jones and Edson T. Jones beneficiaries in joint tenancy. This was entirely ineffective since one of the essentials of a joint tenancy was by declaration of the will itself absent, that is the right of survivorship. Black's Law Dictionary (3rd ed.), p. 1711; Stuehm v. Mikulski, 139 Neb. 374, 297 N. W. 595, 137 A. L. R. 327. In actuality then they were devised a tenancy in common in the real estate. A tenancy in common, as defined in Black's Law Dictionary (3rd ed.), p. 1713, is as follows: "A tenancy in common is where two or more hold the same land, with interests accruing under different titles, or accruing under the same title, but at different periods, or conferred by words of limitation importing that the grantees are to take in distinct shares." The will clearly

indicates that these two parties were to take in equal and undivided but distinct shares.

There was no restriction placed upon the use of either his or her estate during his or her lifetime or after the death of either of them. The only direction as to use was that in case of death of one before the other the use of the estate going to the one who died first should extend to the one testamentarily designated and if there was no one testamentarily designated then the use should go to the heirs of the one so dying first.

After the death of both of them the title to their respective portions of the estate was to descend in fee simple to their heirs respectively in the event that they did not, again respectively, by will designate the takers.

This interpretation is made for its bearing on the question of whether or not, assuming the will in terms created a trust, the trust was active or passive. If it was passive with no duties to be performed by the trustee then the beneficiaries are entitled to full control of the property. Hill v. Hill, *supra;* Flanagan. v. Olderog, *supra;* Beals v. Croughwell, *supra;* 54 Am. Jur., Trusts, § 12, p. 29.

There was clearly no duty to be performed by a trustee during the life of the named beneficiaries. Exclusive control each of an undivided one-half remains in the two beneficiaries so long as they both shall live. In case of the death of one exclusive but likewise divided control remains in the survivor and one who may be designated by will by the one who shall predecease the other and if no one is designated then the heirs of that one.

On the death of both then the entire estate in undivided equal shares shall pass to those designated by will of these two and if no designation shall be made it passes to their heirs. Then likewise there was nothing to be acted upon by a trustee after the death of these two devisees of the beneficial interest, this all provided the land shall not be sold pursuant to the terms of the

will. It follows that this was a passive trust and Clara I. Jones and Edson T. Jones were and are entitled on that ground to full control of the property, again so long as it shall not be sold pursuant to the terms of the will.

Having concluded that here no active trust came into being or could come into being under the terms of the will in the absence of sale of the land it becomes necessary, as was said earlier herein, to define the estate or estates conveyed.

It is clear that Clara I. Jones and Edson T. Jones were devised life estates, each with the alternative power to dispose of the property composing his or her estate at death by will or to allow it to descend to heirs. This power of disposition did not enlarge the life estate to a fee. In other words each was devised a life estate with power to direct the remainder. 69 C. J., Wills, § 1633, p. 560; Heilwig v. Nybeck, 179 Mich. 292, 146 N. W. 141, Ann. Cas. 1915D 356; Derse v. Derse, 103 Wis. 113, 79 N. W. 44; Merrill v. Pardun, *supra;* Bretschneider v. Farmers Nat. Bank, 131 Neb. 495, 268 N. W. 278.

The devise in this respect did not offend against any legal rule the effect of which is to say that in truth these parties took the fee title since the fee did not vest in remaindermen or a trustee upon the death of the testator. Under well-recognized legal principles there was a vesting of title. Here was created an alternative future interest or alternative remainder. It falls within the rule that where a conveyance contains a limitation of a life interest and two further limitations purporting to create future interests, of which only one can become a present interest if the life interest ends in accordance with its terms, the estate created is an alternative vested remainder subject to defeasance in accordance with the terms of the will. Restatement, Property, § 277, p. 1428; § 278, p. 1436.

The effect of this is to say that Clara I. Jones and Edson T. Jones, not having fee simple title but only a

life estate in the real estate in question, could not convey title thereto as fee simple owners.

This is not to say however that they were without power to sell the land or to enter into a valid and enforceable contract for the sale thereof to the defendant Helen Krenz. The will granted the power of sale, if sale should be consented to by Clara I. Jones and Edson T. Jones or the survivor. That there was consent is evidenced by the contract of sale in which they joined. Pursuant to the terms of the will, as holders of the life estates, but without power to destroy the remainder interest, they had the right under the facts disclosed to enter into a contract of conveyance and to convey the full interest in the real estate to Helen Krenz. Abbott v. Wagner, 108 Neb. 359, 188 N. W. 113.

The question of whether or not the proceeds of the sale of this land, if the sale is consummated, will become trust funds in the hands of Clara I. Jones and Edson T. Jones is pertinent on an interpretation of this will but since the subject has been adverted to but not fully or sufficiently briefed it will be said only that undoubtedly they will, that is, they will become trust funds to the end that the corpus may be preserved for the benefit of the remaindermen.

It is our conclusion that Clara I. Jones and Edson T. Jones do not have an equal and undivided fee simple title in and to the lands in question, but on the contrary that they are life tenants in common thereof; that there was created by the will an alternative future interest or alternative remainder subject to full enjoyment after extinguishment of the life tenancies; that the life tenants had the power to convey fee simple title to the lands and that their attempt to exercise that right was under the facts in all respects regular; that there was nothing upon which the testamentary trust could operate, hence Clara I. Jones and Edson T. Jones were and are entitled to full use and control of the property; that J. E. Shrigley was properly enjoined and restrained; that Clara I.

Jones and Edson T. Jones are entitled to have the real-estate contract with Helen Krenz specifically performed; and that the defendant J. E. Shrigley should render an accounting as provided by the decree.

To the extent that the conclusions of this opinion conflict with the decree of the district court the said decree is reversed and to the extent that they do not it is affirmed. The cause is remanded with directions to enter decree in conformity herewith.

AFFIRMED IN PART AND IN PART REVERSED AND REMANDED WITH DIRECTIONS.