IN RE ESTATE OF GERTIE MCDONALD, DECEASED.
CHESTER A. MCDONALD, APPELLANT, v. MICHAEL J. SHAUGHNESSY, ADMINISTRATOR OF THE ESTATE OF GERTIE MCDONALD, DECEASED, ET AL., APPELLEES.
231 N. W. 2d 332

Filed July 3, 1975. No. 39760.

John S. Mingus of Mingus & Mingus, for appellant.

Michael J. Shaughnessy of Shaughnessy, Shaughnessy & Shaughnessy, Kenneth H. Dryden, and Luebs, Tracy, Dowding & Beltzer, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

WHITE, C. J.

The question in this case arises out of the construction of the will of Edward McDonald, the husband of the decedent, Gertie McDonald. Installment proceeds from the sale on contract of real property devised in the will of Edward McDonald was included in Gertie McDonald's estate by the county court when it was probated. The appellant, one of the decedent's sons, appealed to the District Court requesting that the contract proceeds be removed from Gertie McDonald's estate and the inheritance taxes and the administrator's commissions be reduced accordingly. The District Court dismissed the appellant's petition. On appeal to this court, we reverse and remand with directions.

The sole issue presented by this controvery is whether a contract of sale for certain real estate and the proceeds flowing from that contract should be includable in the estate of Gertie McDonald.

Edward McDonald died testate in 1958. In his will, he provided that his wife, Gertie McDonald, would receive a life estate in *all* his property, *with a power to dispose of the corpus of the estate for her support and maintenance*. Paragraph three of the will provided that on her death the remainder would then pass to his

children. The pertinent clauses of the will read as follows: "Second, after the payment of such funeral expenses and debts, I give, devise and bequeath to my beloved wife, Gertie McDonald, the use, income and profits of all my property, both real and personal, and wherever situated, during her life time, but provide that all of said property is to be turned over to her without restriction and she shall have the right to sell and convey the same without permission of any court, as though she was the absolute owner, and re-invest the proceeds, and use so much of the income and principal thereof as may be necessary to provide her with a living and the usual comforts had by persons in her station of life.

"Third, after the death of my said wife, I give, devise and bequeath all the rest, residue and remainder of my property to my three beloved children, Inez Sorahan, Kenneth McDonald and Chester McDonald, in equal shares."

After Edward's death and probate of his estate, Gertie subsequently sold the real estate that was part of the life estate, by installment contract. At her death, the balance due under the contract was $46,667.50. The county court construed the Edward McDonald will and determined that these proceeds were includable in Gertie's estate.

As we see it, Edward's will simply and specifically provided that Gertie would receive a life estate in all his property, including the real estate involved herein, with the power to dispose of the property as she deemed necessary to provide for her maintenance and her customary comforts and necessities of life. The third paragraph indisputedly indicates the intent that after the use of the estate during her lifetime, the unused portion would, upon Gertie's death, pass to his children in equal shares. The power to sell in order to satisfy her needs for maintenance and support could not be converted into a power to create an independent title in the proceeds of the sale in herself and emasculate and destroy the

clear intent to vest the remainder equally in the children. This conclusion would appear independent of an examination of the authority in the matter.

In Abbott v. Wagner, 108 Neb. 359, 188 N. W. 113, this court held as follows: "Where a will, in express terms, creates a life estate in the donee, and annexes thereto a power of appointment or disposal, with remainder over to certain named beneficiaries, the first taker takes but a life estate. This is the rule established and adhered to by a very large majority of the courts which have been called upon to pass upon the question. It is the rule to which this court is committed. In Loosing v. Loosing, 85 Neb. 66, the matter is dealt with * * * as follows: * * * 'If an estate is devised to a person generally or indefinitely with a power of disposition, it carries the fee; but, if the testator gives the first taker an estate for life only with a power to dispose of the remainder to definitely described individuals, the express limitation for life will control the operation of the power and *prevent it from enlarging the life estate to a fee.*'" (Emphasis supplied.) In Jones v. Shrigley, 150 Neb. 137, 33 N. W. 2d 510, we held that a grant of power to the holder of a life estate to sell and dispose of the remainder was not enough to enlarge a life estate into a fee simple. See, also, Attebery v. Prentice, 158 Neb. 795, 65 N. W. 2d 138.

No question is presented in this case as to whether the sale by Gertie was consistent with the purpose and intent of paragraph two of Edward's will. Nor is there any contention in this case that the conveyance by Gertie did not vest a clear fee simple title to the real estate in the purchaser. What is clear, under the analysis of the language of Edward's will, and the appropriate authorities, is that he intended to convey the power to sell and convert the property into money for the maintenance and support of his widow life tenant. The intent that the remainder of the proceeds of the sale would remain in his estate and descend to the remaindermen is in-

disputable from paragraph three of the will. It is elementary that the provisions of a will should be construed together and that the intent should be gathered from the four corners of the whole will.

We are aware that underlying the dispute in this case is the contention and dispute as to the distribution of the tax burden under the state and federal laws. We do not discuss this question. Sufficient it is to say that the conclusions reached herein are harmonious with the applicable inheritance tax statute, section 77-2008.03, R. R. S. 1943, and the applicable provisions as to powers of appointment in the Internal Revenue Code. § 2041 (b) (1), I. R. C.

We therefore hold that the District Court was in error in finding that the proceeds of the sale were a part of Gertie McDonald's estate, and in accordance with this interpretation of the will and the decision herein, the cause is remanded to the District Court with directions to enter a decree finding that the proceeds are a part of the estate of Edward McDonald; and the assessment of the inheritance tax consequently is reduced accordingly.

The judgment of the District Court is reversed and the cause remanded with directions.

REVERSED AND REMANDED
WITH DIRECTIONS.